\*G. W. LONG, Adm'r, and others v. BANK OF YANCEYVILLE and others.

*Statute of Limitations—Bank, personal liability clause in charter of.*

1. The three year statute of limitations begins to run, against an action to enforce the personal liability of stockholders of a bank under a clause in its charter, from the date the bank suspends specie payments; and this, whether the assets of the corporation are exhausted in payment of debts, or not.

2. The liability of the stockholders arises when the bank refuses or ceases to redeem its bills and is notoriously and continuously insolvent.

---

\*Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

CIVIL ACTION tried at Fall Term, 1883, of ALAMANCE Superior Court, before *MacRae, J.*

Judgment for defendants; appeal by plaintiffs.

*Mr. E. S. Parker,* for plaintiffs.
*Messrs. Graham & Ruffin,* for defendants.

SMITH, C. J.   In the act incorporating the Bank of Yanceyville and under whose provisions it was formed and put in operation, is contained the following clause :

In case of any insolvency of the bank hereby created, or ultimate inability to pay, the individual stockholders shall be liable to creditors in sums double the amount of stock by them respectively held in said corporation.   Acts 1852–'53, ch. 8, §12.

The present suit, instituted on December 30th, 1872, is prosecuted on behalf of the creditors of the bank against the defendants, who are a portion of the stockholders, to enforce this personal statutory obligation and to collect what is due from each, to constitute a fund to be applied to the debts of the insolvent corporation.

It is admitted that the bank suspended specie payments on December 15th, 1860, and has never since resumed, nor been able to redeem its bills and meet its liabilities in coin.

Upon these facts the court ruled that, more than three years having elapsed since the suspension of the bank before the commencement of the suit, eliminating from the count of time the period during which the operation of the statute of limitations ceased, the statutory bar had interposed and the plaintiffs could not recover.

From the judgment rendered in favor of the defendants the plaintiffs appeal, and present the ruling for our review and determination.

When this case was before us on a former appeal, *Long* v. *Bank,* 81 N. C., 41, in reference to this defence we used this language :

"In *Perry* v. *Tubman*, 92 U. S. Rep., 156, the supreme court of the United States held that the statute began to run against the action to enforce the personal liability of the stockholders '*when the bank refuses or ceases to redeem and is notoriously and continuously insolvent, and this* may be before the assets of corporation are applied and exhausted.' This point of time is not fixed in the present case, and it may be very difficult to fix it, unless the rule adopted in *Godfrey* v. *Terry*, 97 U. S. Rep., 171,. be applied, which determines the insolvency by the date of suspension of specie payments, a doctrine announced by a majority of the court and opposed · by a strong and forcible dissent of others."

In *Perry* v. *Tubman*, *supra*, the clause in the charter of the Bank of Augusta, Georgia, upon which the suit was predicated, is not unlike that before us, in providing "that the individual property of the stockholders in said bank shall be bound for the *ultimate redemption* of the bills issued by said bank, in proportion to the number of shares held by them respectively." In answer to the suggestion that the resources of the corporation should be first exhausted before having recourse to the remedy against the stockholders, the court say: "The case is not so much like that of a guaranty of the *collection* of a debt where the previous proceeding against the principal debtor is implied, as it is like a guaranty of *payment* where resort may be had at once to the guarantor without a previous proceeding against the principal."

In *Carroll* v. *Green*, decided at the same term, the provision in the act incorporating the Exchange Bank of Columbia declares the stockholders liable individually in sums not exceeding thrice the amount of. their several shares " in case of the failure of the bank," and Mr. Justice SWAYNE, delivering the opinion of the court, says : " The liability gave at once the right to sue, and by necessary consequence the period of limitation began at the same time." The court adopted the time specified in the report of the master as the period of failure, instead of the date of

suspension, because, while the result would be the same, the proof was that if the bank "had been put in liquidation on February 1st, 1865, it could then have met all its liabilities and redeemed its outstanding bills in specie or its equivalent," and that was the month in which the report finds the insolvency to have been reached.

In *Godfrey* v. *Terry, supra,* the clause in the Merchants' Bank of South Carolina at Cheraw, where the stockholders were made responsible "in case of the failure of said bank" as in the preceding case, the master fixed the date of failure on March 1st, 1865, while it was agreed that the bank suspended specie payments in November, 1860, and never resumed. Mr. Justice MILLER, speaking for the court, announces as the conclusion arrived at, "that the bank failed, within the meaning of the clause of its charter, in November, 1860," and the statute was a bar protecting those who were the stockholders.

It is also declared that the sanction of the legislature given to the suspension, merely relieved the bank from pains and penalties thereby incurred, but "it could not relieve them from the obligation to pay their debts in specie nor extend the time for such payment."

And again, if the bank had resumed soon after suspension, "and had paid or offered to pay all its indebtedness in specie, there would have been no question of the liability of stockholders, nor any question of failure. But since it never did pay or offer to pay these obligations, *it was ever afterwards insolvent and its failure must bear date of this first* and continued refusal and inability to pay."

The same question again came before the same court in *Terry* v. *McLure,* 103 U. S. Rep., 442, upon the construction of a similar provision in the charter of the Bank of Chester, and Mr. Justice MILLER affirms the former rulings, and says that the allegations of the bill, the answers of the defendants, and the evidence "all show that the suspension of specie payments took place on the 27th day of November, 1860, and that the

statute of limitations of four years of the state of South Carolina, applicable to such cases, bars the complainant's right of recovery."

We cannot distinguish the present case from those adjudications, and we accept their interpretation of the force and effect of such imposed statutory responsibility upon individual shareholders, and its duration.

In our opinion, the suit could have been brought, as soon as the corporation became insolvent, against it and the stockholders jointly, in order to secure the appropriation of its assets to its debts and other corporate liabilities, and then an assessment upon the stockholders within the limits of their obligation, to make up the deficiency to the creditors.

As the suit at law would have been barred, the same claim asserted in equity would be also barred, and as both the bank and its stockholders were alike exposed to the suit, the statute would run in favor of each.

Without entering upon the consideration of any other grounds assigned for the ruling in the court below, we sustain it upon the authority of the cases cited. The judgment is affirmed.

No error.						Affirmed.