THE CORPORATION COMMISSION OF NORTH CAROLINA v. FARM-
ERS AND MERCHANTS BANK OF HENDERSON ET AL.

(Filed 20 October, 1926.)

**1. Appeal and Error—Case—Settlement by Trial Judge.**

When the judge who has presided at the trial is duly called upon to
settle a case on appeal, it is not required that he conform in whole or
in part to either of the statements submitted to him by the parties to the
action, or settle differences between them in relation thereto, and he may
disregard both statements.

**2. Banks and Banking — Receivers — Shareholders — Assessments —
Statutes.**

The liability of a stockholder of a bank to the corporation in addition
to the par value he has paid, is contractual, C. S., 237, and the amount
of his liability when the bank has become insolvent and in the hands of
a receiver, is determinable in the original action brought for the liquida-
tion of the bank and the issuance of. summons duly served under order
of court. C. S., 239.

**3. Same—Payment—Discharge of Liability—Costs.**

Where the assets of an insolvent bank in a receiver's hands are insuffi-
cient, and assessment among the individual stockholders becomes neces-
sary, each shareholder is entitled to have the amount he is chargeable
with lawfully determined, and when this has been done, he may pay it
and be discharged from further liability without incurring costs in the
proceedings. The question as to whether the costs may be in proper in-
stances apportioned by the court, as in suits in equity, does not arise in
this case.

**4. Same—Actions.**

Where the assessments have been duly made under our statutes against
the individual stockholders of an insolvent bank in the proceedings for
liquidation, the receiver under the order of court may institute an inde-
pendent action against the shareholders in default for its payment, and
if successful the costs of this action are taxable against such stockholders,
but not those incurred in the original proceeding under the provisions of
C. S., 240.

**5. Same—Opportunity to be Heard.**

Where the individual stockholders have been made parties to liquidate
the bank by which the shares had been issued, they must be afforded an
opportunity to be heard before assessments are made in order that they
be thereafter precluded from contesting the amount.

**6. Same—Issues—Trial by Jury—Reference—Statutes.** .

Before the stockholders of an insolvent bank can be individually
assessed for the payment of its debts, etc., the amount of the assets
and liabilities must first be determined, and when an issue is raised by
denial of the receiver's allegation or statement thereof in the original
suit for dissolution, an issue of fact is raised for the determination of
the jury, or by reference under the provisions of C. S., 573(1), (2).

APPEAL by individual defendants from judgment of *Cranmer, J.,* at June Term, 1926, of VANCE. Reversed.

This action, begun on 29 April, 1924, by the Corporation Commission of North Carolina against Farmers and Merchants Bank of Henderson, for the involuntary liquidation of said bank, upon the allegation that it was then insolvent, has been since, and is now, pending in the Superior Court of Vance County.

At March Term, 1926, upon its findings of fact, that said bank is insolvent; that all its assets in the hands of the receiver, theretofore appointed, are not sufficient to pay the claims of depositors and other creditors; and that its stockholders are liable to an assessment to the amount of the par value of its capital stock, to wit, $125,000, each stockholder being liable for the full amount of the par value of stock owned by him, it was, upon motion of the receiver, ordered by the court that the receiver be directed to assess and collect from each stockholder a sum of money equal to the par value of his stock, and that said receiver institute an action against each of said stockholders who fail to pay such sum to recover judgment for same. None of the stockholders were parties to the action at the time this order was made.

Thereafter, summons having been issued in this action and duly served upon each of the individual defendants, returnable on 29 March, 1926, the receiver filed his petition and complaint against each of said defendants. In said petition it is alleged that said defendants were stockholders in the Farmers and Merchants Bank, at the date of the appointment of the receiver; that it has been adjudged by the Superior Court of Vance County that said bank was then and that it is now insolvent; that the receiver has attempted to collect and reduce to cash the assets of said bank; that it has ascertained that the liabilities of said bank exceed the sum of $442,606.69; that its assets do not exceed in value the sum of $300,000; that its liabilities to depositors and other creditors exceed the value of its assets by more than $125,000, the amount of its capital stock; that in order to pay off and discharge the deficiency remaining after the application of all the assets as payments thereon, it will be necessary to enforce the individual liability of each stockholder to the full amount of the par value of his stock; and that pursuant to an order, made in this action, summons and notice, as directed therein, had been duly served upon each of the stockholders. The receiver prays that an assessment as directed by the court be made upon each defendant and that he recover judgment for the amount of such assessment.

Each defendant, in his answer to the petition and in response to the notice to show cause, denied liability for the assessment as prayed for by the receiver, and alleged that the value of the assets in the hands of

the receiver, not yet administered by him, exceed by $100,000 their value as reported to the court; that assets consisting of land and securities of considerable value have not been sold or collected, but are still in the possession of the receiver and under his control; each defendant demands that all said assets be fully administered before any assessment is made upon stockholders to enforce their individual liability.

At June Term, 1926, after the answers of the defendants had been filed, upon findings by the court that the Farmers and Merchants Bank is insolvent and that the debts of said bank exceed its assets in the hands of the receiver, by more than $125,000, its capital stock, judgments were rendered against each defendant that the receiver recover of him a sum equal to the full par value of his stock, together with all his costs to be taxed by the clerk of the court. From these judgments defendants appealed to the Supreme Court.

*J. P. & J. H. Zollicoffer, Perry & Kittrell and T. S. Kittrell for plaintiff.*

*A. A. Bunn, Thomas M. Pittman for defendants.*

Connor, J. Upon failure of counsel to agree thereon, the judge settled the case on appeal, as required by statute, C. S., 644. Defendant's exception to statement in case on appeal, being a brief summary of facts appearing on the record in this action, cannot be sustained. The judge included such statement in the case on appeal, as settled by him, doubtless, because the entire record was not sent to this Court, it being necessary to print only a part of said record in order to present to the Supreme Court the matters involved in this appeal. When counsel fail to agree upon a statement of the case on appeal, and the judge is requested by counsel for appellant to settle the case, as provided by statute, the judge does not merely adjust the differences between counsel. He may disregard both the case on appeal and the countercase, as prepared by counsel. *Slocumb v. Construction Co.,* 142 N. C., 353. It does not appear that counsel for defendants made known to the judge their objection to the statement included by him in the case on appeal; defendants are not prejudiced on their appeal by the facts contained in the statement, and their assignment of error, based upon their exception thereto, cannot be sustained.

In the judgment rendered against each defendant, it is ordered and adjudged not only that the receiver recover of the defendant an amount equal to the par value of his stock, but also that he recover "all his costs to be taxed by the clerk." Each defendant excepts to the judgment against him for costs, contending that there is no provision in the statute for recovery by the receiver of costs incurred in determining the

amount required to be assessed against stockholders as provided in C. S., 239, and that in no event is each stockholder liable for all the costs of the action in which the assessment is made. The assignment of error based upon this exception must be sustained.

The liability of stockholders of a bank, organized under the laws of this State, by virtue of C. S., 237, is contractual. *Smathers v. Bank,* 135 N. C., 410. It is provided by C. S., 239, that the amount for which each stockholder is liable, and for which he shall be assessed, shall be determined in the original action, brought for the liquidation of the bank, after the stockholders have been made parties defendant thereto. *Trust Co. v. Leggett,* 191 N. C., 362. The amount of each stockholder's indebtedness cannot be determined by an assessment in the original action until the stockholders have been made defendants therein. When the assessment has thus been made, but not before, each stockholder may pay the amount of his indebtedness, as determined thereby and thus discharge his liability on account of the assessment. The assessment in the original action is a condition precedent to the recovery of judgment by the receiver for the amount of such indebtedness in an action against the stockholder. The costs incurred in determining the amounts due by the stockholders, on account of their individual liability cannot be taxed against the stockholders, as a matter of law; such costs are, ordinarily, part of the expenses of administering the estate of the insolvent bank; whether or not the proceeding, although authorized by statute, being equitable in its nature, the court may apportion the costs between the receiver and the stockholders in its discretion, is not presented upon this record.

If a stockholder, who was a party defendant to the original action, when the assessment was made, fails to pay the receiver, upon his demand, the amount assessed against him, the receiver may institute an action against the defaulting stockholder to recover the amount of his indebtedness, by virtue of the assessment; if the receiver recovers judgment in this action, he is entitled to his costs in the action in which the judgment is rendered, but not, of course, to the costs incurred in the original action in which the assessment was made. C. S., 240.

Defendants excepted to the judgment rendered at June Term, 1926, upon the pleadings, contending that issues of fact were raised by their answers to the petition and complaint of the receiver, upon which they were entitled to a trial. C. S., 239, provides that before an assessment shall be made upon stockholders of an insolvent bank, because of their liability under C. S., 237, an accounting may be had, in the original action, to which the stockholders shall have been made parties defendant, manifestly for the purpose of affording stockholders an opportunity to be heard, before assessments are made, and in order that, hav-

ing had such opportunity, they shall be precluded thereafter from contesting the assessments. *Trust Co. v. Leggett,* 191 N. C., 362. Where the total amount of the liabilities of the bank and the total value of the assets available for the purpose of discharging such liabilties are not admitted, but on the contrary, it is alleged by the stockholders, in their answers to the petition and complaint, and to the order to show cause, served upon them, as in the instant case, that the true value of the assets exceed the value as reported to the court by the receiver, who has not reduced the assets to cash, by a sum sufficient to greatly reduce the amount which the receivers allege should be assessed, it is error to render judgment determining the amount of the assessment as prayed for by the receiver, without an accounting as provided by statute.

Assessments cannot be made, under the statute, until it has been adjudged, upon the facts found, that a deficiency exists, and until the amount thereof has been determined. The amount of the deficiency cannot be determined until the sum which the receiver will, at least probably, receive from the sale and collection of the assets of the insolvent bank has been found—there being no denial, as in the instant case—that the amount of the liabilities are as alleged by the receiver. In *Smathers v. Bank,* 135 N. C., 410, decided at Spring Term, 1904, it was held that a contention that no assessment can be made until the assets are completely exhausted, could not be sustained; it is said, however, in the opinion in that case, that the extent of the stockholder's liability cannot be absolutely fixed until the status of the assets and liabilities has been ascertained. The decision in *Smathers v. Bank* is not an authority for the contention now made that the amount of the stockholder's indebtedness to the receiver, under C. S., 237, may be adjudged, without a finding, as to the value of the assets in the hands of the receiver, and not yet reduced to cash. Since the decision in *Smathers v. Bank,* the statute—C. S., 239—has been enacted. By its express terms, the amount of the deficiency between the liabilities and the assets shall be determined before assessments are made upon stockholders, in order to enforce their liability. For this purpose an accounting may be had in the original action, after the stockholders have been made parties defendant. An allegation as to the value of the assets in his hands by the receiver, denied by the stockholders in their answers, raises an issue of fact upon which stockholders are entitled to a trial by jury. Their right to such trial has not been waived. The amount of their indebtedness cannot be adjudged until this issue has been determined. *Jordan v. Farthing,* 117 N. C., 181; *Carr v. Askew,* 94 N. C., 194; *Ely v. Early,* 94 N. C., 1. It is necessary to find the fact involved in the issue in order that the accounting may be had.

Defendants' assignment of error for that the judgment was rendered upon the pleadings, without a trial of the issue raised by the answer, must be sustained. The judgment is reversed. The trial may be by reference; if the parties do not consent to a reference, the judge may order a compulsory reference, as provided by C. S., 573, sections 1 and 2. If a compulsory reference is ordered, the parties may preserve their right to trial by jury, as provided by statute, and in accordance with the practice approved by this Court. *Lumber Co. v. Pemberton,* 188 N. C., 532, and cases there cited. The judgment is

Reversed.