CORPORATION COMMISSION OF NORTH CAROLINA v. MERCHANTS
BANK AND TRUST COMPANY ET AL.

(Filed 26 January, 1927.)

**1. Banks and Banking—Receivers—Assessment of Stockholders—Assets —Liabilities.**

The shareholders in an insolvent bank in the hands of a receiver may not be assessed by their additional liability to the par value of their shares until the value of the bank's assets in proportion to its debts has been ascertained.

**2. Same—Officers—Mismanagement—Assets.**

> The right of action by the bank, and by its receiver, in case of insol-
> vency for loss or depreciation of the bank's assets, due to their wilful
> or negligent failure to perform their official duties, is one enforceable for
> the benefit of the bank as well as for its creditors, and where the receiver
> has sued the shareholders of its stock for their additional or personal
> liability, the defendants setting up this defense as an asset of the bank,
> are entitled to have the officers' or directors' liability determined before
> the amount of their liability by assessment may be fixed.   C. S., 237,
> 239, 240.   3 C. S., 219(a).

**3. Same—Fraud—Misrepresentation in Sale of Shares.**

> Upon the issue raised in an action by the receiver of an insolvent bank
> to enforce individual or personal liability of its shareholders: *Held,* the
> defense that his subscription was obtained by the fraudulent representa-
> tions of an officer of the bank as to its solvency, is controlled by *Chamber-
> lain v. Trogden,* 148 N. C., 139.

APPEAL by defendants from *Oglesby, J.,* at September Term, 1926, of
FORSYTH.

On 29 May, 1926, the Corporation Commission of North Carolina
brought suit in the Superior Court of Forsyth County against the Mer-
chants Bank and Trust Company of Winston-Salem, alleging its insol-
vency, and obtained an order appointing the Wachovia Bank and Trust
Company temporary receiver of its assets, which appointment was later
made permanent.   Thereafter the receiver filed its report alleging "that
the assets of the Merchants Bank and Trust Company are insufficient to
discharge its obligations, and that it will be necessary to assess the
shares of stock, issued by said bank, to the full amount allowed by law."
Whereupon it was ordered that all the stockholders of the defunct bank
be made parties defendant in this action, to the end that their liabili-
ties might be ascertained and determined as the law directs.   *Trust Co.
v. Leggett,* 191 N. C., 362.

The said stockholders, in obedience to the order of court and in
answer to the receiver's petition,  do not deny their ultimate liability,
but they allege that shortly after the organization of the Merchants
Bank and Trust Company and continuously thereafter, the officers and
directors of the said institution, through gross neglect and wilful mis-
management of the affairs of the corporation, brought about its insol-
vency and subsequent failure.   Therefore they pray that all the officers
and directors of said banking corporation, not already parties herein,
be made parties to this proceeding and that the liability of said officers
and directors be fixed and collected as an asset of the bank before any
assessment is levied on the shares of stock held by the appellants herein.

It is further alleged by one of the defendants, E. J. Angelo, that some
twelve months prior to the institution of this action, he was induced

through the fraudulent representations of an agent of the Merchants Bank and Trust Company to purchase ten shares of stock in said corporation and executed in payment thereof his note in the sum of $1,000, which he now asks to have canceled.

The trial court held that the matters and things set up in the answers of the defendants constitute no defense, either in law or in fact, to the complaint and petition of the receiver; whereupon judgment was rendered on the pleadings for the full "double liability" of the stockholders. From this judgment the stockholders appeal, assigning errors.

*Manly, Hendren & Womble for Wachovia Bank and Trust Company, receiver.*

*Holton & Holton and Parrish & Deal for defendants.*

STACY, C. J., after stating the case: The principal question presented is whether the stockholders of the Merchants Bank and Trust Company are entitled to have the tort liability of the officers and directors of said corporation ascertained, and collection enforced as far as possible, before determining what assessment, if any, should be made on the shares of stock issued by said bank and held by appellants at the time of its insolvency and failure. It is alleged by the defendants that, if this liability were reduced to judgment and collection enforced, the assets of the bank would be amply sufficient to discharge its obligations, thereby rendering it unnecessary to assess any portion of the stockholders' double liability under the statute.

That the right of action against the officers and directors of a banking corporation, for loss or depletion of the company's assets, due to their wilful or negligent failure to perform their official duties, is a right accruing to the bank, enforceable by the bank itself prior to insolvency, and hence enforceable by the receiver for the benefit of the bank, as well as for the benefit of its creditors, is the holding or rationale of all the decisions on the subject. *Douglass v. Dawson,* 190 N. C., 458; *Besseliew v. Brown,* 177 N. C., 65; *Bane v. Powell,* 192 N. C., 387; *Clark v. Bank,* 78 S. E. (W. Va.), 785.

That such right of action is an asset of the bank is also the uniform holding of the cases. *Clark v. Bank, supra; Benedum v. Bank,* 78 S. E. (W. Va.), 656. Bolles, in his Modern Law of Banking, vol. 2, pp. 821-822, classifies both the liability of the directors for gross mismanagement, and the double liability of stockholders, as assets in the hands of an insolvent bank for the benefit of its creditors.

This chose in action is an equitable asset in the sense that it is a right to recover for breach of trust, and it passes to the receiver along with the other assets of the bank. So long as the bank is able to pay

and does pay its creditors, no creditor can complain of the officers' or directors' breach of duty towards the bank. But when the bank becomes insolvent different principles come into play. Then the bank's assets are to be distributed ratably and equally among the creditors, having regard, of course, for priorities where they exist. Zane on Banks and Banking, sec. 86.

In *Hill v. Smathers,* 173 N. C., 642, it was said that the word "assets" as used in the statute "is broad enough to cover anything which is now or may be available to pay creditors"; but it was suggested that, as employed in the statute, the term was not intended to include the double liability of stockholders, or else the expression "other assets" would have been used, as such liability is given only for the benefit of creditors and not for the benefit of the corporation. "The liability provided by the statute against the stockholders is not, as we have seen, considered an asset or right of the corporation." *Jordan, C. J.,* in *Runner v. Dwiggins,* 147 Ind., 243. And in *Long v. Bank,* 90 N. C., 405, it was held that a suit on behalf of the creditors "could be brought, as soon as the corporation became insolvent, against it and the stockholders jointly, in order to secure the appropriation of its assets to its debts and other corporate liabilities, and then an assessment upon the stockholders within the limits of their obligation, to make up the deficiency to the creditors."

It was said in *Long v. Bank, supra,* in answer to the suggestion that the resources of the corporation should first be exhausted before having recourse to the remedy against stockholders, quoting with approval from *Terry v. Tubman,* 92 U. S., 156, that "the case is not so much like that of a guaranty of the *collection* of a debt where the previous proceeding against the principal debtor is implied, as it is like a guaranty of *payment* where resort may be had at once to the guarantor without a previous proceeding against the principal."

But since the decision in the *Long case,* the banking law has been amended, ch. 25, Public-Local Laws 1911, the pertinent provisions of which are now sections 239 and 240 of the Consolidated Statutes.

Construing the first of these sections in *Corporation Commission v. Bank,* 192 N. C., 366, *Connor, J.,* speaking for the Court, said:

"Assessments cannot be made, under the statute, until it has been adjudged, upon the facts found, that a deficiency exists, and until the amount thereof has been determined. The amount of the deficiency cannot be determined until. the sum which the receiver will, at least probably, receive from the sale and collection of the assets of the insolvent bank has been found—there being no denial, as in the instant case—that the amount of the liabilities are as alleged by the receiver. In *Smathers v. Bank,* 135 N. C., 410, decided at Spring Term, 1904, .

CORPORATION COMMISSION *v.* BANK.

it was held that a contention that no assessment can be made until the assets are completely exhausted, could not be sustained; it is said, however, in the opinion in that case, that the extent of the stockholders' liability cannot be absolutely fixed until the status of the assets and liabilities has been ascertained. The decision in *Smathers v. Bank* is not an authority for the contention now made that the amount of the stockholders' indebtedness to the receiver, under C. S., 237, may be adjudged, without a finding, as to the value of the assets in the hands of the receiver, and not yet reduced to cash. Since the decision in *Smathers v. Bank*, the statute—C. S., 239—has been enacted. By its express terms, the amount of the deficiency between the liabilities and the assets shall be determined before assessments are made upon stockholders, in order to enforce their liability. For this purpose an accounting may be had in the original action, after the stockholders have been made parties defendant. An allegation as to the value of the assets in his hands by the receiver, denied by the stockholders in their answers, raises an issue of fact upon which stockholders are entitled to a trial by jury. . . . The amount of their indebtedness cannot be adjudged until this issue has been determined. *Jordan v. Farthing,* 117 N. C., 181; *Carr v. Askew,* 94 N. C., 194; *Ely v. Early,* 94 N. C., 1. It is necessary to find the fact involved in the issue in order that the accounting may be had."

True, the Court was there dealing with a controversy between the receiver and the stockholders as to the value of the physical assets in the hands of the receiver, but we perceive no difference in principle between that case and the one at bar. Whatever is an asset of the bank belongs to the receiver, and the stockholders are "individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation"—for the excess of obligations over assets—"to the extent of the par value of their stock in addition to the amount invested in such shares." 1 C. S., 237; 3 C. S., 219(a); *Litchfield v. Roper,* 192 N. C., 202.

Realizing, no doubt, that the change in the law might entail some delay in ultimately assessing the "double liability" of stockholders, it was provided in the same statute, now C. S., 240, that the receiver should have ten years, instead of three, within which to bring suits against the stockholders in order to reduce their stock-assessment liability to final judgment. *Litchfield v. Roper, supra.*

It is not contended by the defendants that the receiver must collect and disburse all the assets of the bank and only after the exhaustion of such assets can it proceed against the stockholders, but it is their contention that before any assessment of double liability can be made on the shares of stock issued by the bank it must first be ascertained and de

termined that the assets of the bank are insufficient to discharge its obligations. This contention would seem to be in accord with the statutes on the subject.

With respect to the additional defense of fraud, alleged to have been practiced by the agents of the corporation on E. J. Angelo, and for which he asks a cancellation of his note given for stock in the corporation, in view of the broad allegations contained in his answer, it would seem that the same should be determined according to the principles announced in *Chamberlain v. Trogden,* 148 N. C., 139, cited in a valuable note on the subject in 41 A. L. R., 674.

Under the law as now written, we think the trial court erred in sustaining the demurrer and entering judgment on the pleadings.