CORPORATION COMMISSION OF THE STATE OF NORTH CAROLINA v. D. S. MURPHEY.

(Filed 10 April, 1929.)

**1. Banks and Banking H a—Chapter 113, Public Laws 1927, in regard to liability of stockholders of defunct bank, Constitutional—Due Process of Law.**

Section 13, chapter 113, Public Laws 1927, is constitutional and valid, and is not in contravention of the Due Process Clause of the Federal Constitution or the Law of the Land Clause of the State Constitution, since under its provisions the statutory liability of a stockholder of an insolvent bank is not enforceable by execution under the order of the Corporation Commission until after he has been given notice and an opportunity to be heard in the course and practice of our courts, and an appeal has the effect of staying execution until his defense has been determined before a jury.

**2. Constitutional Law I b—Federal Constitution does not bind State as to procedure under Due Process Clause.**

The Fourteenth Amendment to the Federal Constitution does not control the power of the State to determine the process by which legal rights may be asserted or legal obligations enforced if the method of procedure gives notice and a fair opportunity to be heard.

STACY, C. J., concurs in result only. BROGDEN, J., concurs with opinion in which CLARKSON, J., concurs.

APPEAL by petitioner, D. S. Murphey, from *Grady, J.,* at Chambers, Jacksonville, N. C., on 13 January, 1929. Affirmed.

This is a motion made by the petitioner, D. S. Murphey, upon a special appearance, in a proceeding for the liquidation of an insolvent banking corporation, organized and doing business under the laws of this State. The proceeding was begun on 28 May, 1928, and is now prosecuted in the Superior Court of Duplin County by the Corporation Commission of the State under and pursuant to the provisions of chapter 113, Public Laws 1927.

The petitioner, D. S. Murphey, challenges the validity of an assessment made against him in said proceeding, by reason of his statutory liability as a stockholder of said insolvent corporation. The assessment was made by the Corporation Commission on 4 October, 1928, in accordance with the provisions of section 13, chapter 113, Public Laws 1927. The assessment, has been duly docketed in the office of the clerk of the Superior Court of Duplin County. The petitioner has failed to pay said assessment; the Corporation Commission has requested the clerk of the Superior Court to issue an execution on said assessment, to be levied on the property of petitioner, for its collection.

The petitioner contends that the statute under which the assessment was made is unconstitutional and that, therefore, the assessment is void. He prays that said assessment be declared void by the court, and that proceedings to enforce the same be enjoined.

The court was of opinion that the statute is constitutional in all respects, and that, upon the facts agreed at the hearing of the motion, the assessment is valid, and so adjudged.

From an order, in accordance with said opinion, the petitioner, D. S. Murphey, appealed to the Supreme Court.

*I. M. Bailey and Beasley & Stevens for the Corporation Commission.*
*Shaw & Jones for the petitioner, D. S. Murphey.*

CONNOR, J. The sole question decided by the court below and now presented to this Court for decision, is whether section 13, chapter 113, Public Laws 1927, is constitutional; no other question was or is presented for decision.

It is conceded that the proceeding for the liquidation of the Farmers Bank & Trust Company of Wallace, N. C., was duly begun by the Corporation Commission, and has been duly prosecuted in accordance with the provisions of chapter 113, Public Laws 1927; that said Bank & Trust Company is insolvent, unless there shall be included among its assets, the claim of said company against its officers and directors for damages resulting from their wrongful acts as such officers and directors; and that the petitioner, D. S. Murphey, is a stockholder of said company.

It is further conceded that the assessment by the Corporation Commission against the petitioner, D. S. Murphey, by reason of his statutory liability as a stockholder, was made in strict conformity with the provisions of section 13, chapter 113, Public Laws 1927. The said assessment is, therefore, valid unless said chapter 113, Public Laws 1927, and particularly section 13 of said chapter, is void, for that the same is unconstitutional, as contended by the petitioner.

Prior to the enactment of chapter 113, Public Laws 1927, it was held by this Court that under the statutes then in force, prescribing the procedure for the enforcement of the statutory liability of stockholders of a banking corporation, as individuals, upon the insolvency of said corporation, assessments could not be made against said stockholders, until the deficiency between the amount of the liabilities of the insolvent corporation, and the amount of its assets, in the hands of its receiver, available for the payment of dividends on the claims of depositors and other creditors, had first been determined. *Corp. Com. v. Bank,* 193 N. C., 113, 136 S. E., 362; *Corp. Com. v. Bank,* 192 N. C., 366, 135 S. E., 48. It was also held that the claim of the corporation against its officers and directors for damages, resulting from the wrongful acts of said officers and directors, was an asset of the corporation and that upon the insolvency of the corporation, and the appointment of a receiver, such claim passed to and ordinarily must be enforced by said receiver. *Douglass v. Dawson,* 190 N. C., 458, 130 S. E., 195. The procedure under the statutes in force prior to the enactment of chapter 113, Public Laws 1927, for the enforcement of the statutory individual liability of stockholders of an insolvent banking corporation, often proved ineffective, especially when long and expensive litigation became necessary to enforce claims against officers and directors for damages, resulting in or contributing to the insolvency of the corporation. Depositors and other creditors of an insolvent banking corporation, for whose security the statute imposing individual liability upon stockholders was enacted, often lost the benefit of the statute, because of delay in making assessments, and also because of difficulties encountered by receivers, appointed by the courts, in enforcing them.

To remedy the defects in the procedure under the former statutes, section 13, chapter 113, Public Laws 1927, was enacted. This section is the only provision of said chapter, directly affecting stockholders of insolvent banking corporations, as individuals. It is as follows:

"After the expiration of thirty days from the date of the filing of the notice of the taking possession of any bank, in the office of the clerk of the Superior Court, the Corporation Commission may levy an assessment equal to the stock liability of each stockholder in the bank, and shall file a copy of such levy in the office of the clerk of the Superior Court, which shall be recorded and indexed as judgments, and shall have the force and effect of a judgment of the Superior Courts of this State; and the same shall become due and payable immediately, and if not paid execution may at the instance of the Corporation Commission issue against the stockholder delinquent, and actions on said assessment may be instituted against any nonresident stockholders in the same manner as other actions against nonresidents of the State. Any stockholder may

appeal to the Superior Court from the levy of assessment; the issue raised by the appeal may be determined as other actions in the Superior Court. At any time before the determination of said appeal such stockholder may petition the resident or presiding judge to relieve his property of the lien, pending the determination of the question raised by said appeal; and such relief may be granted in the discretion of the judge hearing the petition and upon such terms as he may fix. The rights of levy and assessment herein given shall not affect the right of the Corporation Commission to enforce the liability of legal or equitable owners of stock not named in the certificate and the liability of transferers of stock as provided in section two hundred and nineteen (d). All sums collected under the levy shall become immediately available as general assets of the bank for distribution as other assets; *Provided, however,* that whenever the expenses of liquidation have been paid and all of the liabilities to depositors and other creditors shall have been discharged, the money then remaining in the hands of the Corporation Commission shall be applied pro rata to the repayment of the amounts paid in by the stockholders."

The contention that the foregoing statute is in violation of provisions of the Constitution of the United States and also of the Constitution of this State, in that stockholders of insolvent banking corporations, under the procedure prescribed therein, may be deprived of their property, without due process of law, or contrary to the law of the land, cannot be sustained.

Stockholders of banking corporations, organized and doing business under the laws of this State, are liable, as individuals, for the contracts, debts and engagements of the corporation, by statute, within the limitation prescribed therein. 3 C. S., 219(a). Such stockholders subscribe for or purchase stock in such corporations with notice of their statutory liability, as individuals. When a banking corporation is adjudged insolvent, because its assets, available for the payment of its liabilities, are not sufficient for the payment of the same, each stockholder has notice that he is liable to an assessment on account of his individual, statutory liability. He is interested then only in the amount or amounts for which he may be assessed on account of such liability. Under the procedure prescribed by the statute, he has notice that the corporation has been adjudged insolvent; he also has notice of the amount of the assessment made against him. He may appeal from the assessment to the Superior Court of the county in which the proceeding for the liquidation of the corporation is pending; on his appeal, all issues raised by him, whether of law or of fact, involving his liability on the assessment, will be determined, in accordance with the procedure for the trial of actions brought and prosecuted in the Superior Court. The stockholder

is thus assured that he cannot be deprived of his property without due process of law, or contrary to the law of the land. He is given an opportunity to be heard before his property can be sold under execution for the payment of his assessment. *Davidson v. New Orleans,* 96 U. S., 97, 24 L. Ed., 616.

It cannot be held that under the procedure prescribed by the statute, an assessment can be made against a stockholder of an insolvent banking corporation without notice to him, or without an opportunity to be heard as to the validity of the assessment. Provision is made in the statute for notice to all persons that the Corporation Commission, as an agency of the State, has taken possession of the corporation and of its business; this notice must be filed in the office of the clerk of the Superior Court of the county in which the principal office of the corporation is located. Stockholders as well as others are affected by this notice. No assessment can be made by the Corporation Commission until the expiration of thirty days from the date of the filing of this notice. In the meantime the corporation has ceased to do business, and the Corporation Commission has had exclusive possession and control of its affairs; officers, directors and stockholders have been deprived of possession and control of the corporation. Notice of the insolvency of the corporation is sufficient notice to each stockholder of his liability to an assessment for the benefit of depositors and other creditors of the insolvent corporation. *Bernheimer v. Converse,* 206 U. S., 516, 51 L. Ed., 1163. To hold otherwise would seem to be "sticking in the bark"; it would be to ignore the facts apparent to all.

The statute further provides that a copy of assessments made against stockholders, on account of their individual liability, imposed by statute for the benefit of depositors and other creditors, shall be filed in the office of the clerk of the Superior Court. Each stockholder is thus notified of the amount due by him on his assessment. If a stockholder, or any person assessed as a stockholder, has a defense to the assessment, he may appeal to the Superior Court; there he will be heard, as to any matters of law or fact, upon which he relies for his defense. Thus ample notice of his liability to assessment, and full opportunity to be heard as to its amount is provided by the statute for each stockholder or person assessed as a stockholder, by the Corporation Commission. The fact that the opportunity to be heard is given by an appeal to the Superior Court, after the assessment has been made, does not deprive him of due process of law. *Coffin Bros. & Co. v. Bennett,* 277 U. S., 29, 48 Sup. Ct. Rep., 422. In his opinion in the cited case, decided 30 April, 1928, speaking of a provision in the Banking Act of Georgia, similar to the statute now under consideration, *Mr. Justice Holmes* says:

"A reasonable opportunity to be heard and to present the defense is given, and if a defense is presented, the execution is the result of a trial in court . . . . The fact that the execution is issued in the first instance by an agent of the State, but not from a court, followed as it is by personal notice and a right to take the case into court, is a familiar method in Georgia, and is open to no objection. If a debtor does not demand a trial, the execution does not need the sanction of a judgment; the plaintiffs in error by becoming stockholders had assumed the liability on which they are to be held."

Doubtless, in the administration of this statute, the Corporation Commission will, as a matter of practice, in addition to the constructive notice to stockholders, as provided by statute, which we hold is sufficient to uphold the statute, give actual, personal notice to each stockholder, by mail or otherwise, before the assessment is made, and also before execution is issued to enforce the assessment. Execution can be issued only when the stockholder has failed to pay the assessment, upon demand by the Corporation Commission, and is, therefore, delinquent.

The assessment, although duly docketed and indexed as required by the statute, in order to make the assessment a lien on the property of the stockholder, is not a judgment in the sense that it is conclusive; it can be enforced by execution only where there is no appeal from the assessment. An appeal stays execution to enforce the assessment; provision is made by the statute by which the stockholder may have his property relieved of the lien of the assessment, pending the hearing of his appeal. Opportunity is given to the stockholder, even after execution has been issued on the assessment, and is in the hands of the sheriff, by appeal to the Superior Court, to interpose a defense, if any he has, to the assessment or to his liability therefor. The property of the stockholder, upon which the execution has been levied, cannot be sold without personal notice to the stockholder, at least ten days before the sale. C. S., 689.

It has been held by the Supreme Court of the United States that the essential elements of due process of law are notice and opportunity to defend, and that in determining whether such rights are denied, that Court will be governed by the substance of things, and not by the mere form, *Simon v. Craft,* 182 U. S., 427, 21 Sup. Ct. Rep., 836, 45 L. Ed., 1165, that the Fourteenth Amendment safeguards fundamental rights and not the mere form which a state may see proper to designate for the enforcement and protection of such rights, *Cincinnati Street R. Co. v. Snell,* 193 U. S., 30, 24 Sup. Ct. Rep., 319, 48 L. Ed., 604, and that the Fourteenth Amendment in no way controls a state in determining the process by which legal rights and obligations may be asserted or enforced, provided the method of procedure adopted for that purpose

gives reasonable notice and fair opportunity to be heard before the issues are decided, *Iowa C. R. Co. v. Iowa,* 160 U. S., 389, 16 Sup. Ct. Rep., 344, 40 L. Ed., 467.

It has also been held that the words "due process of law" as used in the Constitution of the United States do not necessarily imply a regular proceeding in a court of justice, or after the manner of such courts. *Davidson v. New Orleans,* 96 U. S., 97, 24 L. Ed., 616; due process is not necessarily a judicial process, *Reetz v. Michigan,* 188 U. S., 505, 23 Sup. Ct. Rep., 390, 47 L. Ed., 563. Public officers and boards in determining the existence of facts and the application to them of rules of law, perform administrative, not judicial, duties, and their proceedings are due process of law, *Den ex Dem Murray v. Hoboken Land & Imp. Co.,* 18 How., 272, 15 L. Ed., 372.

It has been held by this Court that although a statute providing for the condemnation of land for street purposes contains no express requirement for notice to the landowner whose land is to be taken for that purpose, such requirement will be implied from other provisions of the statute, and that the statute, therefore, does not violate constitutional provisions with respect to due process of law, or with respect to the taking of property contrary to the law of the land. *S. v. Jones,* 139 N. C., 613, 52 S. E., 240, 2 L. R. A. (N. S.), 313. In the instant case, the statute requires notice to the stockholders, by the filing of the notices in the clerk's office that the Corporation Commission has taken possession of the corporation, and has made the assessments; no proceeding for the enforcement of an assessment is authorized until the stockholder has become delinquent, *i. e.,* has failed or refused, without appeal, to pay the assessment, upon demand. Actual, personal notice to the stockholder is required before execution can be issued. Upon receiving such notice, the stockholder may at once appeal from the assessment to the Superior Court where full opportunity is given him to make his defense to the assessment.

Other grounds upon which it is contended that the statute is unconstitutional are involved in the contention that the statute is in contravention of constitutional provisions relative to due process of law. Contentions based upon these grounds have been duly considered; they cannot be sustained. The Corporation Commission, in making assessments against stockholders, under the statute, and in enforcing the same, acts as an agency of the State, and not in its own interest. It exercises powers, *quasi*-judicial, as well as administrative, both in making the assessments and in enforcing the same. It does not exercise these powers for its own benefit, but for the benefit of depositors and other creditors of the insolvent corporation who have relied upon the statutory liability of the stockholders of the banking corporation and also for the

benefit of stockholders. All assessments made by the Corporation Commission are subject to review by the Superior Court, upon appeal by the stockholder, or person assessed, both with respect to matters of law and of fact. The philosophy of the statute is that depositors and other creditors of a banking corporation, who have been induced to make deposits, and to enter into contracts with the corporation, by assurance that the stockholders are by statute individually liable for the contracts, debts and engagements of the corporation, shall be protected upon the insolvency of the corporation, and shall not be unduly delayed in the enforcement of their claims against the corporation by litigation.

As to whether the claim of a banking corporation against its officers and directors for damages caused by their wrongful acts, should be considered in determining whether or not the corporation is insolvent, and stockholders are, for that reason, liable to assessment, is not presented by this record. This claim is an asset of the corporation, which upon its insolvency passes to and vests in the Corporation Commission, as its statutory receiver. It is usually involved in litigation, and is not ordinarily available for the payment of depositors and other creditors, until after long and expensive litigation. This must be considered in determining its value, as an asset, and therefore whether or not, notwithstanding the claim, the corporation is insolvent at the time assessments are to be made, or was insolvent at the time they were made against stockholders. The finding of the Corporation Commission that a banking corporation is insolvent, and that therefore its stockholders are liable to assessment, is presumed to be correct. In any event, stockholders who have paid their assessments, after the expenses of the liquidation have been paid, and all of the liabilities to depositors and other creditors have been discharged, are entitled to the money remaining in the hands of the Corporation Commission, to be paid to them pro rata.

We concur with the learned judge who presided at the hearing in the Superior Court that the statute does not violate provisions of the Constitution of the United States, or of the Constitution of this State, with respect to due process of law; that the statute is constitutional in all respects, and that, upon the facts agreed at the hearing, the assessment is valid. The order is

Affirmed.

STACY, C. J., concurs in result only.

BROGDEN, J., concurring in result. I have grave doubt as to the constitutionality of the statute because it does not provide for notice to the stockholder before judgment and execution. Execution cannot issue

except upon a regular judgment, regularly obtained according to law. I do not agree that the judgment mentioned in the statute, is a tadpole judgment. It appears to me that it is a full fledged frog from the beginning. Furthermore, the only case cited to support this phase of the statute is the *Bennett case.* It is to be noted, however, that the Georgia statute expressly provides for personal notice before judgment.

It is declared in the opinion, "An appeal stays execution to enforce the assessment." Consequently, a stockholder cannot be compelled to pay until his defense has been determined by a jury. This result saves the day.

I am authorized to say that *Clarkson, J.,* concurs in this view of the case.