THE CORPORATION COMMISSION OF NORTH CAROLINA v. THE STOCKHOLDERS OF THE BANK OF BEULAVILLE.

(Filed 22 October, 1930.)

1. **Banks and Banking J a—It will be presumed that Corporation Commission approved of consolidation of banks under C. S., 217 (k).**

Where under the provisions of C. S., 217 (k), a State bank under jurisdiction of the Corporation Commission has transferred its assets to another State bank, the latter assuming the former's liabilities under a consolidation agreement, it will be presumed that the Corporation Commission had notice or knowledge of the transaction coming within the scope of its duties, and had approved of the transaction as the statute requires..  ' . .

2. **Banks and Banking H a—Right to assess stockholders for statutory liability held barred by lapse of time in this case.**

Where a State bank transfers all its assets to another State bank which assumes the former's liabilities, effecting a consolidation under the provisions of C. S., 217 (k), and the transferee bank later becomes insolvent. and is taken over by the Corporation Commission as liquidating agent, the right to assess the stockholders of the transferer bank on their statutory liability to cover the deficiency in its assets to pay its liabilities, for which it was liable to the transferee bank under the agreement of consolidation, is barred when the proceedings for the assessment are instituted more than three years after the transfer. In the instant case, C. S., 240, is not applicable, no receiver having been appointed for the transferer bank, and the transfer being made before the enactment of chapter 113, Public Laws of 1927... As to whether the Corporation Commission had the power to take possession of the transferer bank, *quære?*

APPEAL by the Corporation Commission of North Carolina from judgment of *Grady, J.*, at Chambers, 13 June, 1930. From DUPLIN. Affirmed.

This is a proceeding for the assessment of stockholders of the Bank of Beulaville on account of their statutory liability. C. S., 218(c), subsection 13.

Prior to 21 December, 1926, the Bank of Beulaville, a corporation organized under the laws of this State, was engaged in the banking business at Beulaville, Duplin County, N. C. On said day, the said corporation transferred its assets and liabilties to the Farmers Bank and Trust Company of Wallace, in said county, as it was authorized to do by the law then in force. Section 12, chapter 4, Public Laws 1921. The corporation was not formally dissolved, but it ceased to do business on said day, and since said day it has had no assets, and has done no business as a bank or otherwise.

The Farmers Bank and Trust Company has paid all the debts and liabilities of the Bank of Beulaville, but has not collected from the assets transferred to it by said bank, sufficient sums of money to reimburse itself for all the money paid out for that purpose. There are balances now due to the Farmers Bank and Trust Company on account of the debts and liabilities of the Bank of Beulaville, which it has paid by reason of its agreement with said bank, at the date of the transfer of its assets to the said Farmers Bank and Trust Company. The directors of the bank of Beulaville guaranteed that the value of its assets was sufficient for the payment of its liabilities, and executed a bond to indemnify the Farmers Bank and Trust Company against loss by reason of its payment of the debts and liabilities of the Bank of Beulaville.

In May, 1928, the Farmers Bank and Trust Company closed its doors and ceased to do business. Under the provisions of C. S., 218(c), the Corporation Commission of North Carolina took possession of the Farmers Bank and Trust Company for the purpose of liquidating its affairs. The said Commission is now engaged in such liquidation. Among the assets of the Farmers Bank and Trust Company, now in the hands of the Corporation Commission, is its claim for sums of money paid out by it on account of the debts and liabilities of the Bank of Beulaville, in excess of sums collected from the assets of said bank.

On 10 February, 1930, the Corporation Commission of North Carolina filed in the office of the clerk of the Superior Court of Duplin County notice that under and by virtue of subsection 3, C. S., 218(c), the said Commission had taken possession of the Bank of Beulaville, for the purpose of its liquidation, "for the reason that on or about 21 December, 1926, the said banking corporation began a voluntary liquidation of its affairs, and that said voluntary liquidation has been completed save and except as to its liability to the Farmers Bank and Trust Company of Wallace, N. C., and for the reason that the Bank of Beulaville cannot now meet the said liability."

On 19 April, 1930, the Corporation Commission filed in the office of the clerk of the Superior Court of Duplin County notice that the said Commission had assessed each of the stockholders of the Bank of Beulaville the full amount for which the said stockholder was liable under 219(a). The said clerk of the court recorded said assessments on the judgment docket in his office on 30 April, 1930. In apt time, in accordance with the provisions of subsection 13 of C. S., 218(c), certain of said stockholders appealed from the assessments made against them to the Superior Court of Duplin, contending that said assessments are invalid, for that the Corporation Commission had no power to make the same, and that in any event, the right to make said assessments was barred by lapse of time. Upon the hearing of said appeal, the facts were found by the court, and on these facts the court was of opinion that the assessments could not be sustained. In accordance with this opinion, it was ordered and adjudged that the assessments be canceled by. the clerk of the Superior Court of Duplin County, on the judgment docket in his office, and that same be stricken from the records in said office.

From this judgment the Corporation Commission appealed to the Supreme Court.

*I. M. Bailey and Beasley & Stevens for Corporation Commission.*
*R. D. Johnson and J. T. Gresham, Jr., for stockholders.*

CONNOR, J. The statute applicable to the Bank of Beulaville on 21 December, 1921, and to other banks doing business in this State at said date, with respect to a transfer of its assets and liabilities by one bank to another bank, is section 12 of chapter 4, Public Laws of North Carolina, 1921, now C. S., 217(k). It is provided therein that "a bank may consolidate with or transfer its assets and liabilities to another bank." It is further provided therein that "no such consolidation or transfer shall be made without the consent of the Corporation Commission." There is no finding of fact in the instant case, that such consent was sought or obtained. It is, however, alleged by the stockholders of the Bank of Beulaville, and not denied by the Corporation Commission, that the transfer of its assets and liabilities by the Bank of Beulaville to the Farmers Bank and Trust Company, on 21 December, 1921, was made with the consent and approval of the Corporation Commission. Both the Bank of Beulaville and the Farmers Bank and Trust Company, at the date of the transfer, were under the supervision of the Corporation Commission. It must be presumed that in the performance of its duties as prescribed by statute, the Corporation Commission had knowledge of the transfer. It will not be presumed that a State agency, such as the Corporation Commission, with knowledge that the transfer had

been made, and that the Bank of Beulaville had ceased to do business, permitted the transfer to become effective, without its approval. *Bank v. Bank,* 198 N. C., 477, 152 S. E., 403. Under the statute, the consent and approval of the Corporation Commission could be given only after an examination of both banks by the Corporation Commission had disclosed that the interests of depositors, creditors, and stockholders would be protected, and that the transfer was for legitimate purposes. It is finally provided by the statute that "in case of either transfer or consolidation the rights of creditors shall be preserved unimpaired, and the companies deemed to be in existence to preserve such rights for three years." The implication is, that after the expiration of three years from the date of the transfer, the existence of the corporation making the transfer ceases, at least in so far as creditors are concerned. The creditors of a bank which has transferred its assets and liabilities to another bank, under the authority of the statute, and those claiming under them, are therefore barred from maintaining any action or proceeding against the bank or its stockholders after the expiration of three years from the date of the transfer.

While probably not applicable to the instant case, because not enacted until after the transfer involved herein, see section 4, chapter 47, Public Laws 1927, as amended by chapter 73, Public Laws 1929, wherein it is provided that the purchasing bank may institute suit against the stockholders of the selling bank to recover amounts due on their statutory liability at any time within three years from the date of the sale and transfer.

Prior to the enactment of chapter 113, Public Laws of North Carolina, 1927, now C. S., 218(c), subsection 13, the Corporation Commission had no power, by assessment, to enforce the statutory liability of stockholders of a banking corporation organized under the laws of this State. It had power only to take possession of such corporation, upon certain contingencies, and to apply to a court of competent jurisdiction for the appointment of a receiver of the corporation. The receiver appointed by the court, and subject to its jurisdiction, had power to enforce the statutory liability of the stockholders by applying to the court to make assessments against them. *Corp. Com. v. Murphey,* 197 N. C., 42, 147 S. E., 667; *Corp. Com. v. Bank,* 193 N. C., 113, 136 S. E., 362; *Corp. Com. v. Bank,* 192 N. C., 366, 135 S. E., 48. After the assessments had been made by the court, an action by the receiver for judgment against the stockholders for the amounts due by them was not barred until the expiration of ten years from the date of the assessment. C. S., 240. See *Litchfield v. Roper,* 192 N. C., 202, 134 S. E., 651. In the instant case no receiver has been appointed, and C. S., 240, is not applicable. It is applicable only to an action brought by the receiver of an insolvent

banking corporation to recover judgment for the amount due by a stockholder on an assessment made against him by a court, under the procedure which obtained in this State prior to the enactment of chapter 113, Public Laws 1927.

Whether or not the Corporation Commission has the power, under C. S., 218(c) to take possession of a banking corporation organized under the laws of this State, which prior to the enactment of chapter 113, Public Laws of 1927, had with its consent and approval transferred all its assets and liabilities to another bank, and ceased to do business, as authorized by statute, and to proceed with the liquidation of such corporation, need not be decided in the instant case. In any event, this proceeding against the stockholders of the Bank of Beulaville cannot be maintained, for that the proceeding was not begun until more than three years had elapsed from the date of the transfer by the Bank of Beulaville to the Farmers Bank and Trust Company of all its assets and liabilities. There was no error in the judgment.