GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. CITIZENS BANK OF FARMVILLE, AND B. B. MASSAGEE, LIQUIDATING AGENT FOR THE CITIZENS BANK, v. MRS. SARAH DARDEN, EXECUTRIX OF J. H. DARDEN, DECEASED.

(Filed 23 May, 1934.)

**Executors and Administrators D f: Banks and Banking H a—**

The statutory liability on bank stock does not constitute a priority for payment out of the assets of the estate of a deceased stockholder. C. S., 219(a), C. S., 93.

CIVIL ACTION, before *Harris, J.,* at September Term, 1933, of PITT.

The agreed facts are substantially as follows: J. H. Darden died, owning at the time of his death, 20½ shares of capital stock of the Citizens Bank of the par value of $100.00 each, and the defendant, Mrs. Sarah Darden, is the duly qualified executrix appointed in his will. After Darden's death the Citizens Bank of Farmville became insolvent and passed into the custody of the Commissioner of Banks on 8 December, 1930, as provided by law. This action was commenced on 24 September, 1932, to recover the sum of $2,050 with interest, from the estate of the decedent by virtue of his liability as a stockholder in said insolvent bank. The plaintiff contends that the stockholders' liability constitutes a priority of payment from the assets of the estate. The defendant executrix contends that said liability is an ordinary claim to be paid in accordance with the provisions of C. S., 93.

The trial judge ruled that the plaintiff was entitled to recover judgment against the estate for the sum of $2,050 with interest, "to be prorated with all other liabilities of said estate of the same class."

From the foregoing judgment plaintiff appealed.

*R. T. Martin for plaintiff.*
*Harding & Lee for defendant.*

BROGDEN, J. The liability of stockholders of insolvent banks is prescribed by C. S., 219(a). It has been held that this liability is contractual. *Corp. Com. v. Bank,* 192 N. C., 366. The statute creates no preference for such a liability and none results from the application of the pertinent principles of equity. Therefore, the judge ruled correctly.

Affirmed.