In the Matter of CAROLINA BANK AND TRUST COMPANY, an
Insolvent Banking Corporation.

(Filed 30 October, 1929.)

1. **Banks and Banking H a—Request that cashier sell stock does not re-
   lieve holder of statutory liability when stock has not been sold.**

   Where the name of a person remains on the books of a bank as a stock-
   holder on the date of the bank's insolvency, and so appears when the
   insolvent bank is in the hands of a liquidating agent appointed by the
   Corporation Commission, C. S., 219(a), Vol. 3, his statutory liability
   to the amount of the par value of his shares subscribed is not affected by
   the fact that he had prior requested the cashier of the bank to sell his
   shares when the cashier had not been able to do so, and the sale had not
   been made and the shares had not been transferred on the books of the
   bank to another. *Darden v. Coward, ante*, 35, cited and distinguished.

2. **Same—Defense that bank stock was bought prior to enactment of
   Ch. 113, Public Laws 1927, is untenable in action for statutory
   liability thereon.**

   The statutory liability of the holder of bank stock for the amount equal
   to the par value of his shares is contractual and exists from the time of
   the purchase of the stock, and chapter 113, Public Laws of 1927, does not
   alter nor enlarge this liability, but has reference only to the pocedure to
   enforce it, and the defense that the stock was bought prior to the enact-
   ment of the statute of 1927, and that the statute could have no retroactive
   effect, is untenable.

3. **Same—Only depositor's dividends may be credited to his statutory
   liability on stock in insolvent bank.**

   Where the holder of stock of an insolvent bank is also a depositor therein,
   only such dividends as he receives on his deposit may be credited by the
   liquidating agent of the bank upon his indebtedness to the bank on his
   statutory liability as a stockholder, and he is not entitled to have the total
   amount of his deposit applied as a payment on the assessment made
   against him by reason of his statutory liability.

Appeal by John F. McLean, petitioner, from *Cranmer, J.*, at May
Term, 1929, of Robeson. Affirmed.

This is a proceeding for the liquidation of the Carolina Bank and
Trust Company, an insolvent banking corporation organized under the
laws of this State. The proceeding was begun by the Corporation Com-
mission of North Carolina, under the provisions of chapter 113, Public
Laws of North Carolina, 1927, N. C. Code, 1927, sec. 218(c). An
assessment was made by said Corporation Commission, as authorized by
section 13 of said statute, upon the stockholders of said insolvent cor-
poration, by reason of their statutory liability. C. S., Vol. III, sec.
219(a).

The petitioner, John F. McLean, alleges that the assessment made
against him as a stockholder of said corporation is void, for that he was

not a stockholder at the date of the insolvency of said corporation. He alleges that he had sold, or requested the cashier of said corporation to sell for him, the five shares of stock of said corporation, which he had purchased in 1917, prior to said date, and that, therefore, he is not liable to assessment as a stockholder.

The said petitioner alleges further, that if it shall be found by the court that he was a stockholder of said corporation, at the date of its insolvency, said assessment is void, as to him, for that section 13 of chapter 113, Public Laws of North Carolina, 1927, was enacted subsequent to the purchase by him of shares of stock in said corporation, and that said section 13, under which the assessment was made against him, is not applicable to him as a stockholder of said insolvent corporation. He alleges that a valid assessment can be made against him only under the statute in force at the date on which he purchased stock in said corporation.

The said petitioner, upon these allegations, prays that the assessment made by the Corporation Commission against him as a stockholder in this proceeding, be declared null and void, and that he be relieved of said assessment.

The said petitioner alleges further that at the date of the insolvency of said corporation, he was one of its depositors, having to his credit on its book amounts subject to his check; that the liquidating agent of said corporation, appointed by the Corporation Commission, as provided by statute, has refused to pay to him the dividends apportioned from the assets in his hands upon the amounts due him as a depositor, but has applied said dividends as payments on the assessment made against him as a stockholder. He alleges that said liquidating agent is without authority to apply the said dividends as payments on said assessment, and that said dividends are due and payable to him, as a depositor and creditor of said insolvent corporation.

The said petitioner, upon these allegations, prays that he be declared the owner of and entitled to said dividends, and that said liquidating agent be ordered and directed to pay the same to him.

The material allegations of the petition, chiefly of law, are denied by the answer of the liquidating agent. He prays that the assessment made by the Corporation Commission against the petitioner, as a stockholder of the insolvent corporation, be declared valid, and that the application of the dividends apportioned to the petitioner as a despositor of said corporation made by him, be approved.

Upon the facts found by the court, in accordance with the agreement of the petitioner and the respondent, it was ordered and adjudged that the prayers of the petitioner be and the same were denied. From said judgment the petitioner appealed to the Supreme Court.

*McKinnon & Fuller* for petitioner.
*I. M. Bailey* and *McLean & Stacy* for respondent.

CONNOR, J.   In 1917 the petitioner, John F. McLean, purchased five shares of the capital stock of the Carolina Bank and Trust Company, a corporation organized and engaged in the banking business, at Red Springs, N. C., under the laws of this State.   The certificate issued to the petitioner for these shares of stock was endorsed by him and assigned to said company as collateral security for his note given for the purchase price of said shares of stock.   This note was endorsed by J. D. McLean.

Annual dividends declared by said company on said shares of stock were paid from time to time to the petitioner, until 1921.   During that year the petitioner notified the cashier of said company that he was insolvent and unable to pay his note, then held by said company; he requested the said cashier to sell the said shares of stock, and to apply the proceeds of said sale to the payment of said note.   The said cashier attempted to sell the shares of stock, but was unable to do so.   Dividends declared on the stock which stood in the name of the petitioner on the books of the corporation were not paid to him, after 1921, but were applied as payments on his note.   At the date of the insolvency of the corporation, when the Corporation Commission of North Carolina took possession of its assets, under the provisions of chapter 113, Public Laws of North Carolina, 1927, five shares of its capital stock stood on its books in the name of the petitioner.   The said shares of stock had not been sold by the petitioner or by the cashier of the corporation at his request.

Upon the foregoing facts there was no error in the finding by the court that the petitioner, John F. McLean, was a stockholder of the Carolina Bank and Trust Company at the date of its insolvency, and that as such he was liable to an assessment for an amount equal to the par value of said shares of stock.   *Trust Co. v. Jenkins,* 193 N. C., 761, 138 S. E., 139.   The facts in this case are easily distinguishable from the facts in *Darden v. Coward, ante,* 35, 147 S. E., 671.   In that case the plaintiff, whose name appeared on the books of the insolvent bank as the owner of ten shares of its capital stock, had sold said shares of stock to the cashier of the bank prior to its insolvency, and at the date of such sale had transferred the certificate for same to said cashier, with directions that such cashier as transfer agent of the bank, cancel the certificate in the name of the plaintiff, and issue a new certificate to the purchaser. The failure of the cashier to make such transfer was due to his neglect and not to the fault of the plaintiff.   In the instant case, no sale had been made; petitioner's certificate was in the possession of the bank as col-

lateral security. The certificate had not been delivered by the petitioner to the cashier as the transfer agent of the corporation, with direction to transfer the same to a purchaser. The petitioner had done nothing to divest himself of his rights, or to relieve himself of his liabilities as a stockholder of the Carolina Bank and Trust Company prior to its insolvency.

The statutory liability of the petitioner as a stockholder of the Carolina Bank and Trust Company was not affected by the provisions of chapter 113, Public Laws of North Carolina, 1927. Such liability was not altered in its nature or enlarged in its extent. Only the procedure for its enforcement was affected by section 13 of said statute. In *Corporation Commission v. Murphey, ante,* 42, 147 S. E., 667, we held that the statute is valid, and that its only effect is to remedy defects which under the procedure formerly prescribed by statutes as construed by our decisions, had prevented an effective enforcement of the statutory liability of stockholders in banking corporations, organized under the laws of this State. Petitioner's contention that the statute is not applicable to him because it was enacted after he purchased his stock cannot be sustained.

The statutory liability of stockholders of banks organized under the laws of this State has been held to be contractual in its nature. For this reason it is held in *Smathers v. Bank,* 135 N. C., 410, 47 S. E., 893, that the statute enacted in 1897 should be construed to operate prospectively only. This principle does not apply to section 13 of chapter 113, Public Laws of North Carolina, 1927, for the reason that this statute does not impose any new liability, or enlarge the liability theretofore imposed by statute. It affects only the procedure by which the liability incurred by petitioner when he bought his stock may be determined and the sum for which he is liable may be assessed. The identical question here presented was decided in *Lamar v. Taylor,* 141 Ga., 227, 80 S. E., 1085, contrary to the contention of the petitioner.

The liability of the petitioner as a stockholder of the Carolina Bank and Trust Company, by reason of the statute, was for all "contracts, debts and engagements of the corporation," to the extent of the par value of his stock. He was liable equally and ratably with the other stockholders. This liability did not arise when the corporation became insolvent or when its assets were taken over by the Corporation Commission; nor did it arise when the assessment was made by the said Commission. It arose when the petitioner became a stockholder by the purchase of five shares of the capital stock of the corporation in 1917. The amount for which he is liable was determined by the assessment. He is now a debtor in said amount to the liquidating agent of the insolvent corporation, as the representative of its depositors and other creditors, and of its stockholders. When his assessment has been collected, its amount will

be part of the general assets of the corporation and will be immediately available for distribution as provided by the statute. When the expenses of the liquidation have been paid, and all of the liabilities to creditors have been discharged, the assets then in the hands of the liquidating agent, if any, will be distributed *pro rata* to the stockholders. Section 13, chapter 113, Public Laws 1927.

Dividends upon the claims of petitioner as a depositor of the insolvent banking corporation, in the hands of the liquidating agent, are due by such agent and are payable by him to the petitioner. The petitioner is a creditor of the liquidating agent to the extent of the dividends apportioned to him out of the general assets of the corporation. These dividends were properly applied by the liquidating agent as payments on the amount due him by the petitioner, on account of the assessment. Equity and justice require that the liquidating agent, when he comes to settle with the petitioner, shall deduct the amounts of dividends due to him as a depositor, from the amount due by him to the liquidating agent on account of his assessment by reason of his statutory liability. *Davis v. Mfg. Co.*, 114 N. C., 321, 19 S. E., 371. It does not follow that a depositor who is also a stockholder of an insolvent banking corporation is entitled to have the total amount of his deposit applied as a payment on his assessment. Only the dividends apportioned to him as a depositor may be so applied. To hold otherwise, would be unjust and inequitable both to creditors and to other stockholders. We find no error in the judgment. It is

Affirmed.