THE CORPORATION COMMISSION OF NORTH CAROLINA v. BANK
OF VANCEBORO.

(Filed 4 March, 1931.)

**1. Banks and Banking H a—Procedure for enforcement of statutory liability of stockholders prior to chapter 113, Public Laws of 1927, held valid.**

Prior to the enactment of chapter 113, Public Laws of 1927, the procedure, under the statutory provisions for the enforcement of the statutory liability of shareholders of an insolvent bank in a receiver's hands, was by order of court based upon the report of the receiver to the shareholders to show cause why the assessment made against them should not be enforced, the original assessments not being final or conclusive, but only preliminary to the order that the shareholders be made parties to the action, giving them the right to set up any defense in law or fact, and where this procedure has been followed and stockholders appear and answer to the merits the position is not available to them that they were not parties to the action at the time the assessment was made.

**2. Appearance A a—An answer to the merits of a cause is a general appearance.**

Where the shareholders in an insolvent bank appear in reply to a motion to show cause why a preliminary assessment of their statutory liability should not be made against them, and by motion, challenge the validity of the order making the assessments, and not solely for the purpose of challenging the jurisdiction of the court, their motion is a general appearance, though upon its face it is called a special appearance.

APPEAL by certain stockholders of the defendant, Bank of Vanceboro, from *Small, J.,* at November Term, 1930, of CRAVEN. Affirmed.

This is an action by the Corporation Commission of North Carolina for the appointment of a receiver of the Bank of Vanceboro, an insolvent banking corporation, organized under the laws of this State, for the liquidation of the assets of said corporation, and for the distribution of the proceeds of said liquidation among its creditors. The action was begun on 31 January, 1924, and is now pending in the Superior Court of Craven County.

On 14 May, 1925, the permanent receiver of the Bank of Vanceboro filed in this action a report showing his receipts and disbursements to the date of said report. On the facts shown by said report, and by the audit filed in the office of the clerk of said court, the receiver recommended that an assessment be made on each of the stockholders of the Bank of Vanceboro, on account of his statutory liability, for the full amount of the par value of his stock.

At November Term, 1925, on the facts shown by the report of the receiver, assessments were made on the stockholders of record, in accord-

ance with the recommendation of the receiver. In the order making the assessments, the clerk of the court was directed to notify each of said stockholders that the assessment had been made on him, and that he was required to show cause at the next term of the court why judgment should not be rendered against him on his assessment.

Thereafter certain persons, whose names appear on the records of the Bank of Vanceboro, as stockholders, at the date of the adjudication of said bank as insolvent, filed in this action a paper-writing, signed by their attorneys, which purports to be a special appearance. On such appearance, attorneys for said persons moved that the assessments against them be vacated and set aside, on the ground that they were not parties to the action at the time the order making the assessments was made.

The motion was continued from time to time and was finally heard at November Term, 1930, by Judge Small.

From judgment denying the motion and adjudging that said persons having entered a general appearance in the action, are now parties thereto, and are required to file answers to the petition of the receiver within thirty days, setting up such defenses to the assessments as they may be advised will avail them, the said persons appealed to the Supreme Court.

*H. P. Whitehurst and Ward & Ward for the receiver.*
*Guion & Guion and Moore & Dunn for appellants.*

CONNOR, J. The procedure in the instant case was in substantial compliance with statutes in force at the date of the commencement of the action, providing for the enforcement of the statutory liability of stockholders of banking corporations. In *Smathers v. Bank,* 135 N. C., 410, 47 S. E., 893, it is said:

"In winding up the affairs of an insolvent corporation it is best that, as nearly as may be, the court having original jurisdiction bring all the parties interested in the final decree before it, to the end that their rights and equities may be adjusted and administered. The usual and better practice is to have an assessment upon the stockholders made by the court, upon an ascertainment from the report of the receiver, and notice issued to each stockholder to show cause why such assessment should not be enforced." This procedure was approved in *Trust Co. v. Leggett,* 191 N. C., 362, 131 S. E., 752. The original assessments are not final or conclusive on the stockholders; they are made on the facts shown by the report of the receiver, and are only preliminary to the order that the stockholders of record be made parties to the action. When so made, each stockholder has the right to file his answer, and set up any defense, in law or in fact, to the assessment, which he may

be advised will avail him. No final judgment against the stockholder can be rendered until he has become a party to the action, with full opportunity to be heard. *Corp. Com. v. Bank,* 192 N. C., 366, 135 S. E., 48. In the instant case, the judgment directs that each of the appellants shall have opportunity to file an answer, and thereby raises issues, either of law or of fact, which must be determined before any assessment can be enforced against him. There is no error in the judgment. *Corp. Com. v. Bank,* 193 N. C., 113, 136 S. E., 362.

The statutes providing the procedure for the enforcement of the statutory liability of stockholders of a banking corporation, applicable in the instant case, have been superseded by chapter 113, Public Laws 1927. See N. C. Code of 1927, section 218(c), subsection 13. The validity of this statute was sustained by this Court in *Corp. Com. v. Murphey,* 197 N. C., 42, 147 S. E., 667. On appeal to the Supreme Court of the United States, the judgment of this Court was affirmed. 74 L. Ed., 598.

There is no error in the holding of Judge Small that applicants are now, by virtue of the appearance in the action, parties thereto. Appellants' contention that their appearance was special and not general, cannot be sustained. The appearance was for the purpose of challenging the validity of the order making the assessment, and not solely for the purpose of challenging the jurisdiction of the court. The fact that appellants style their appearance as special is immaterial. *Wooten v. Cunningham,* 171 N. C., 123, 88 S. E., 1, and cases cited in the opinion of *Walker, J.*

We find no error in the judgment.

Affirmed.