The Carolina Bank and Trust Company, a corporation engaged in the banking business in Pasquotank County, under the laws of this State, closed its doors and ceased to do business on 23 August, 1929. Its assets are now in the possession of Gurney P. Hood, Commissioner of Banks of North Carolina, and are in process of liquidation as provided by statute. N.C. Code of 1931, sec. 218(c), chap. 113, Public Laws of N.C. 1927, as amended.
The plaintiff is a stockholder of the Carolina Bank and Trust Company, and as such has been assessed by the Commissioner of Banks in *Page 791 
the sum of $2,000, by reason of his statutory liability, N.C. Code of 1931, sec. 219(a). This assessment has been duly docketed in the office of the clerk of the Superior Court of Pasquotank County and by virtue of the statute said docketed assessment now has the force and effect of a judgment of the Superior Court. No payment has been made by the plaintiff on said assessment.
Since the Carolina Bank and Trust Company closed its doors and ceased to do business, the plaintiff has purchased from certain of its depositors their claims against said bank, exceeding in amount the said assessment, and relying upon the provisions of chapter 344, Public-Local Laws of North Carolina, 1933, as amended, has tendered said claims to the Commissioner of Banks and demanded that same be applied to the payment and discharge of said assessment. The Commissioner of Banks declined to accept said claims and apply the same in accordance with plaintiff's demand.
At the hearing of the action the court was of opinion that upon the foregoing facts, plaintiff was not entitled to the relief demanded and thereupon adjudged that the action be dismissed and that the defendant recover of the plaintiff the costs of the action.
The plaintiff excepted to the judgment and appealed to the Supreme Court.
The judgment in this action is affirmed upon the authority of the decision in In re Trust Company, 197 N.C. 613, 150 S.E. 118.
Chapter 344, Public-Local Laws of North Carolina, 1933, as amended, has no application to this case. Even if it was applicable, the judgment would be affirmed, for the reason that said statute is unconstitutional and void. See Edgerton v. Hood, Comr., post, 816.
Affirmed.