In the Matter of the INDEPENDENCE TRUST COMPANY and GURNEY P. HOOD, Commissioner of Banks, v. E. Y. KEESLER et al.

(Filed 28 February, 1934.)

1. **Appeal and Error A e—The Supreme Court will not consider the constitutionality of a statute where it has become academic in the case.**

In this case the proposed consolidation or reorganization of a bank with other banks was sought to be enjoined on the grounds that the statute under which such consolidation or reorganization was planned was unconstitutional, Public Laws of 1933, chap. 271. Subsequent to the institution of the action the Commissioner of Banks, upon the request of the board of directors of the bank, issued an order revoking all action taken in regard to such reorganization, and the trial court refused to find

that the parties proposed to consummate the merger or reorganization. *Held*, the finding was equivalent to a finding that no such purpose was contemplated, and the constitutionality of the statute need not be considered.

**2. Banks and Banking B c: Corporations K a—Stockholders held estopped to deny existence of corporation as banking institution.**

Stockholders of a bank making no challenge of its charter as a banking corporation for the many years during which it carried on a general banking business are estopped from denying its existence as a banking corporation upon a levy of the statutory assessment against their stock upon its later insolvency.

**3. Banks and Banking H a—Statute providing procedure for levy of statutory liability on bank stock is constitutional.**

The statute giving the Commissioner of Banks control of the assets of an insolvent banking corporation and providing the procedure for the levy of the statutory liability on its stock, C. S., 218(c) (13), is constitutional, the act not depriving the Superior Court of its constitutional jurisdiction in such matters.

**4. Same—Levy of statutory liability on bank stock may be made prior to showing of necessity therefor to pay creditors.**

The obligations of a contract are not impaired by chap. 113, sec. 13, Public Laws of 1927, which provides for the levy of the statutory liability on bank stock prior to a showing of necessity for such levy to pay the claims of depositors and creditors of the bank.

CLARKSON, J., not sitting.

APPEAL by defendants from *Harding, J.*, at Chambers, 17 July, 1933. From MECKLENBURG.

The appellants filed objections and exceptions to an assessment of stock held by them in the Independence Trust Company on the grounds stated in a written instrument entitled "Objections, exceptions and appeal to the Superior Court," among which are the following:

1. The appellants are advised and believe that the proceedings relating to such assessments and such alleged assessments are null and void, for that:

(a) The acts of the General Assembly of North Carolina, under which said Commissioner of Banks purports to act, are unconstitutional, null and void;

(b) The acts of said Commissioner of Banks and said Independence Trust Company in regard thereto are contrary to law, unconstitutional, null and void;

(c) The Independence Trust Company, at the time of said alleged proceedings, as appellants are informed and believe, was and is solvent and the purported levy of such assessment is contrary to the provisions of law and null and void;

(d) The appellants are advised and believe that the Commissioner of Banks and the Independence Trust Company have entered into an unlawful agreement or scheme under the provisions of which it is proposed to collect from the stockholders of the Independence Trust Company and particularly these appellants the par value of said stock for the purpose of organizing and promotion of a new banking corporation, and divert such proceeds so that the same shall not be for the protection of the depositors and creditors of said Independence Trust Company, all contrary to law;

(e) The appellants are informed and believe that it is the purpose upon the consummation of the organization of said new banking corporation, that the said new banking corporation will thereupon enter into a combine or consolidation with a new corporation to be organized in a similar manner by a corporation known as Page Trust Company, and a new banking corporation to be organized in a similar manner by a corporation known as North Carolina Bank and Trust Company, and the attempt of said banking commissioner to levy and collect any assessment against these appellants, as these appellants are advised and believe, is not necessary and not for the purpose of protecting depositors and creditors of said Independence Trust Company, but in furtherance of said agreement or scheme.

The plaintiffs moved to dismiss the "objections, exceptions, and appeal," denominated a cross-action, and the motion was denied. They filed a demurrer which was overruled, and then answered putting in issue the material allegations of the cross-action.

The record contains several exceptions and documents appertaining to the organization of the bank, amendments of its charter, stock assessments, balance sheets, etc., from which the appellants requested the court to find certain facts. The court adopted several of the facts as requested but declined to find the following:

9. That the said Independence Trust Company was solvent at the time when it was taken in charge by Gurney P. Hood, Commissioner of Banks, on or about 29 May, 1933.

15. That plaintiffs entered into an unlawful agreement to divert the funds of the Independence Trust Company to buy stock in a new banking corporation.

16. That it is the purpose of plaintiffs to merge or consolidate such new bank when organized, with two other proposed new banks when organized, one by the Page Trust Company, and one by the North Carolina Bank and Trust Company.

17. That the last examination of the Independence Trust Company by Gurney P. Hood, Commissioner of Banks, showed that said Independence Trust Company was solvent.

19. That the best interests of the creditors and stockholders of the Independence Trust Company will be conserved by the appointment of a receiver by the presiding judge of the Mecklenburg Superior Court.

20. That the Independence Trust Company is in imminent danger of insolvency.

The court further found as facts:

1. That the Independence Trust Company was properly chartered and organized as a banking corporation under the laws of North Carolina; that commencing in 1912 and continuously up until possession was taken by Gurney P. Hood, Commissioner of Banks of North Carolina, the Independence Trust Company operated and conducted a general banking business in the city of Charlotte; that each of the appellants was a stockholder in the Independence Trust Company when possession was taken by Gurney P. Hood, Commissioner of Banks of North Carolina; and that for many years prior to the taking of possession by Gurney P. Hood, Commissioner of Banks of North Carolina, each of the appellants and/or his predecessor owner of such stock dealt with said Independence Trust Company as a bank in the ordinary course of business.

2. That on 20 May, 1933, when Gurney P. Hood, Commissioner of Banks of North Carolina, took possession of the assets and business of Independence Trust Company, the Independence Trust Company was unable to meet its deposit liabilities as they became due in the regular course of business, and was insolvent.

It was thereupon adjudged:

1. That the Independence Trust Company is, and since 1912 has been, a banking corporation under the laws of North Carolina; and that its stockholders are subject to an assessment on account of their stock to the extent of the amount of the par value thereof in accordance with the provisions of chapter 5 of the Consolidated Statutes of North Carolina.

2. That Gurney P. Hood, Commissioner of Banks of North Carolina, since taking possession of Independence Trust Company on 20 May, 1933, is lawfully in control of the assets and business of the Independence Trust Company for liquidation in accordance with the provisions of chapter 5 of the Consolidated Statutes of North Carolina and in accordance with the provisions of chapter 271 (House Bill No. 1154) of the Public Laws of 1933, and the plan of reorganization filed and approved pursuant thereto.

3. That appellants' motion for the appointment of a receiver for the Independence Trust Company be and is denied.

4. That appellants' motion for an injunction to restrain the Independence Trust Company and Gurney P. Hood, Commissioner of Banks, from proceeding under and in accordance with the plan of reorganization be and is denied.

5. That appellants' motion to have the respective stock assessments levied against them declared null and void be and is denied; and each appeal from stock assessment is continued to be heard in regular course in the Superior Court in the manner provided by law.

The defendants excepted and appealed.

*H. L. Taylor for appellants.*
*Stewart & Bobbitt for appellees.*

ADAMS, J. In 1933 the General Assembly enacted laws for the reorganization of banks in North Carolina. Public Laws, 1933, chap. 271. Pursuant to authority thus conferred the board of directors of the Independence Trust Company proposed a plan for its reorganization and the appellants objected for the assigned reason that the act was passed in disregard of the organic law and is therefore null and void. The plan was approved; but on 6 October, 1933, the board of directors of the Independence Trust Company rescinded the resolution previously adopted, abandoned the reorganization, and requested the Commissioner of Banks to revoke such action as he had taken. With this request the commissioner complied by a formal order filed in the clerk's office on 28 October, 1933, a copy of which was duly certified to this Court. Indeed, the judge refused to find as a fact that the plaintiffs proposed to consummate a merger or consolidation of the Independence Trust Company with other banks. This we interpret as equivalent to a finding that no such purpose was contemplated. Whether the act of 1933 is constitutional is therefore a moot or academic question which requires no further consideration.

The appellants next insist that the stock assessments are invalid because the Independence Trust Company was not lawfully engaged in the business of banking. This position calls for reference to the act under which the company was organized and to subsequent acts by which its powers were enlarged.

The Charlotte Realty Company, incorporated on 26 July, 1905, was authorized to deal in and dispose of real and personal property, to lend money on bonds secured by mortgages, etc., and to transact on commission the general business of a real estate agent. Public Laws, 1901, chap. 2; 1 Pell's Revisal, chap. 21. In 1908 its charter was amended by increasing the authorized capital stock from $100,000 to $300,000; and afterwards by changing the corporate name to Charlotte Trust and Realty Company and by conferring upon it authority to act as guardian, trustee, etc., and to negotiate loans and to guarantee the payment of collections. On 19 February, 1912, the charter was again amended by changing the name to Independence Trust Company and

authorizing the corporation to "do the business of a commercial bank and of a savings bank" in addition to other enumerated powers.

It is contended by the appellants that corporations organized under the act of 1901 were not permitted to engage in the business of banking (Public Laws, 1901, chap. 2; sec. 5, 8; Pell's Revisal, chap. 21, sec. 1134, 1137), and by the appellees it is contended that this prohibition was remedied by a subsequent act which provided that all the provisions of law relating to private corporations not inconsistent with the business of banking should be applicable to banks. Public Laws, 1903, chap. 275, sec. 4; Revisal of 1905, sec. 234. It seems that the last amendment of the charter was made by virtue of this provision; but in any event the Independence Trust Company conducted a general banking business for a period of more than twenty years, during which its charter was never challenged by the State or the shareholders, and the appellants are now estopped to assail its corporate existence as a banking institution. Holding certificates of its stock under a claim of corporate capacity they cannot set up "either for themselves or on behalf of the corporation any irregularity in the organization for the purpose of shielding the corporation or freeing themselves from personal liability." 1 Thompson on Corporations, sec. 255.

Exception was taken to the adjudication that the Commissioner of Banks is in lawful control of the assets and business of the Independence Trust Company. It is argued that the General Assembly cannot transfer to the Commissioner of Banks the constitutional jurisdiction of the Superior Court and that section 218(c) (13) of the Consolidated Statutes, under which the assessments of stock were levied, is void. The argument is founded on a misapprehension. The Superior Court is not deprived of its constitutional jurisdiction. The act under consideration is procedural, and all the questions presented by this exception have been considered by the court and decided adversely to the contention of the appellants. *Corporation Commission v. Murphey*, 197 N. C., 42; *Murphey v. Corporation Commission*, 280 U. S., 534, 74 L. Ed., 598; *In re Trust Co.*, 197 N. C., 613; *Corporation Commission v. Stockholders*, 199 N. C., 586; *Corporation Commission v. Bank*, 200 N. C., 422; *Corporation Commission v. McLean*, 202 N. C., 77; *Hood, Comr. of Banks v. Martin*, 203 N. C., 620; *Hood, Comr. of Banks v. Holding*, 205 N. C., 451.

It is further contended that the obligation of the stockholders' contract is impaired by the levy of the assessments without a showing of its necessity; but this question, also, was exhaustively considered in the case of *Corporation Commission v. Murphey, supra*. Referring to chapter 113, section 13, of the Public Laws of 1927, *Connor, J.*, observed: "The contention that the foregoing statute is in violation of provisions

of the Constitution of this State, in that stockholders of insolvent banking corporations, under the procedure prescribed therein, may be deprived of their property without due process of law, or contrary to the law of the land, cannot be sustained." The reasoning upon which this conclusion was reached was clearly set forth in the opinion and was approved on appeal to the Supreme Court of the United States. *Murphey v. Corporation Commission, supra.*

We have examined the record in its relation to all the exceptions noted in the brief of the appellants and find no adequate cause for reversing or modifying the judgment of the trial court. The statutory provisions for the liquidation of insolvent banks by the Corporation Commission under the former law and by the Commissioner of Banks under the existing law do not purport to interfere in any manner with the equitable jurisdiction of the Superior Court. These statutes, as pointed out in the cases herein cited, do not deprive the holders of stock of any constitutional rights, since they have reasonable opportunity to be heard on all material questions before judgment is finally rendered. No merger is planned; no diversion of assets is contemplated or menaced; and as to the procedure we regard the verification of the answer as sufficient and the denial of the appellants' motion for judgment on the pleadings as free from error. Judgment

Affirmed.

CLARKSON, J., not sitting.