GURNEY P. HOOD, as Commissioner of Banks of the State of North Carolina, Appellant, *v.* GUARANTY TRUST COMPANY OF NEW YORK and Others, Trustees of the Estate of THEODORE ROOSEVELT, Deceased, Respondents.*

First Department, March 8, 1935.

*William D. Whitney* of counsel [*Bruce Bromley* and *William F. Sullivan* with him on the brief; *Cravath, deGersdorff, Swaine & Wood,* attorneys], for the appellant.

*Karl T. Frederick* of counsel [*George L. Kobbé* with him on the brief; *Kobbé, Thatcher, Frederick & Hoar,* attorneys], for the respondents.

GLENNON, J.   This action was brought upon a judgment of the Superior Court of the State of North Carolina to collect an assessment levied by plaintiff, as Commissioner of Banks, against the defendants, stockholders of the Page Trust Company, a North Carolina banking institution now in the process of liquidation under the general statutes of that State.

The defendants do not dispute that they acquired 100 shares of the capital stock of the Page Trust Company on January 3, 1931; that they still are the owners thereof; and that the general statutes of North Carolina, under which the assessment was levied against them, have not been changed or amended, except in a very immaterial detail, since the date of their acquisition of the stock.

* Revg. 153 Misc. 298.

It appears in the record that prior to the bank holiday proclaimed by presidential order, dated March 4, 1933, the officers of the Page Trust Company had requested the Commissioner of Banks to issue an order restricting entirely the withdrawal of deposits, and that an order to that effect was issued on March 4, 1933. At the end of the bank holiday the application of the trust company to reopen without restrictions was denied by the Commissioner. From then until May, 1933, the trust company apparently continued business only under restrictions.

On May 20, 1933, the Page Trust Company voluntarily suspended business. On May twenty-second the Commissioner of Banks filed a notice of possession in accordance with the provisions of the Consolidated Statutes of North Carolina, section 218 (c), subsection (3). The filing of this notice, by statutory mandate, " shall be deemed the equivalent of a summons and complaint against said bank in an action in the Superior Court."

On June 5, 1933, the Commissioner addressed to defendants a notice of an assessment of 100 per cent on their stock. It is stipulated that this notice was received by defendants in due course. It reads as follows:

" You will hereby take notice that on the 22nd day of June, 1933, the Commissioner of Banks under and by virtue of the provisions of Paragraph 13, Chapter 113, Public Laws of 1927 as amended by Chapter 243, Public Laws of 1931, will levy an assessment against the stockholders of the above named bank, and will, on the said 22nd day of June, 1933, docket said assessment in the office of the Clerk of the Superior Court of Moore County, according to the provisions of said section of said law, unless the assessment is sooner paid.

" The records of said bank disclose that you are the owner of 100 shares of its capital stock of the par value of $100.00 each. This notice is, therefore, directed to you to the end that you may, on or before said day, pay said stock assessment, which amounts to the sum of $10,000.00, and thus relieve the Commissioner of the necessity of docketing the assessment in the office of the Clerk of the Superior Court against you.

" You will hereby take notice that if said assessment is not paid on or before said day, the same will be docketed as a lien against your property, which assessment, when thus docketed, has the force and effect of a judgment of the Superior Courts of this State."

The general order of the Commissioner levying an assessment against each stockholder, equal to the full liability, was dated June 22, 1933, and was filed in the office of the clerk of the Superior

Court on July 3, 1933. It reads as follows: " Under and by virtue of the authority contained in Subsection 13 of Section 218 (c), Consolidated Statutes, it appearing to the Commissioner of Banks that an assessment against the stockholders of the Page Trust Company, Alberdeen, North Carolina, is necessary in order to discharge the liability to general creditors of the said Page Trust Company, the Commissioner of Banks of the State of North Carolina hereby levies an assessment against the stockholders of the Page Trust Company equal to the stock liability of each stockholder, the amount of stock owned by him by record of the said Page Trust Company and amount of assessment against each of said stockholders being as follows:"

This order was docketed as a judgment of the Superior Court. It " shall have the force and effect of a judgment of the Superior Courts," under the provisions of the Consolidated Statutes of North Carolina, section 218 (c), subsection (13).

The question presented is whether the judgment of the North Carolina court, based upon the levy of assessment made by the Commissioner of Banks, is one to which the courts of this State will give full faith and credit; and, if so, to what extent. To reach a proper determination of this problem, reference must be made to controlling authorities and specific provisions of the statutes of North Carolina.

Section 219 (a), which imposes double liability on stockholders of banking institutions, provides as follows: " The stockholders of every bank organized under the Laws of North Carolina, whether under the general law or by special act, shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation to the extent of the amount of their stocks therein at par value thereof, in addition to the amount invested in such shares except as otherwise provided."

Section 218 (c) provides a complete system for the liquidation of State banks. The only subdivision thereof which is at all material on this appeal is the following:

"(13) Assessment on Stockholders; Copy of Levy to Clerk; Force of Judgment; When Payment Due; etc.— After the expiration of thirty days from the date of the filing of the notice of the taking possession of any bank, in the office of the Clerk of the Superior Court, the commissioner of banks may levy an assessment equal to the stock liability of each stockholder in the bank, and shall file a copy of such levy in the office of the clerk of the Superior Court, which shall be recorded and indexed as judgments, and shall have the force and effect of a judgment of the Superior

Courts of this State, and the same shall become due and payable immediately, and if not paid execution may at the instance of the commissioner of banks issue against the stockholder delinquent, and actions on said assessment may be instituted against any non-resident stockholders in the same manner as other actions against non-residents of the State. Any stockholder may appeal to the Superior Court from the levy of assessment; the issue raised by the appeal may be determined as other actions in the Superior Court."

This same subdivision further provides for the distribution of any surplus as follows: " All sums collected under the levy shall become immediately available as general assets of the bank for distribution as other assets; Provided, however, that whenever the expenses of liquidation have been paid and all of the liabilities to depositors and other creditors shall have been discharged, the money then remaining in the hands of the commissioner of banks shall be applied *pro rata* to the repayment of the amounts paid in by the stockholders."

Three propositions were definitely established by testimony introduced at the trial: (1) The statute in question (§ 218 [c]) is constitutional, and an assessment becomes a judgment as soon as docketed (*Corporation Commission* v. *Murphey*, 197 N. C. 42; 147 S. E. 667; affd., 280 U. S. 534); (2) the only questions that may be reviewed on appeal in the Superior Court are whether the party appealing is a stockholder, and the number of shares held by him (*Corporation Commission* v. *McLean*, 202 N. C. 77; 161 S. E. 854); (3) in North Carolina, a 100 per cent assessment is mandatory under the statute.

On the argument of this appeal our attention was directed to the case of *Pope* v. *Heckscher* (266 N. Y. 114) in which the legal propositions with which we are now confronted were ably discussed. There the court was concerned with the effect of a judgment of the Superior Court in Bankruptcy in a province of the Dominion of Canada. The judgment was held unenforcible in this State upon familiar principles of law. The doctrine of *Pennoyer* v. *Neff* (95 U. S. 714) was cited with approval. Yet the court pointed out the distinction to be made in a case of the type which we are now considering. The rule which controls was clearly stated by Judge LOUGHRAN, as follows: " The theory of these cases is that the non-resident stockholder impliedly agrees that the corporation shall represent him within the limits stated. *Marin* v. *Augedahl* (247 U. S. 142) was an action in North Dakota by a receiver of an insolvent Minnesota corporation to enforce against one of its stockholders an order of a Minnesota court laying an

assessment on the stockholders generally. The court said (pp. 150, 151): ' Whether the stockholder against whom the order is here sought to be enforced was personally a party to the suit in which it was made does not appear; nor is it material. Under the rule in Minnesota, as also the general rule, he was sufficiently represented by the corporation to be bound by the order in so far as it determined the character and insolvency of the corporation and other matters affecting the propriety of a general assessment such as was made. * * * The Minnesota court * * * had jurisdiction of the subject-matter. * * * The corporation was before it in virtue of process duly served, and the stockholders, as has been said, were represented by the corporation. Thus there was jurisdiction of the person.' "

In the paragraph which immediately preceded the one quoted, Judge LOUGHRAN said: " In that case [the judgment of a sister State], the adjudication would be conclusive in respect of the fact and amount of the corporate indebtedness determined by it, but would not operate to deprive the defendant of his right to litigate, in accordance with the requirements of due process, the fact of his status as stockholder and defenses personal to him. (*Wilson* v. *Seligman,* 144 U. S. 41; *Selig* v. *Hamilton,* 234 U. S. 652; *Converse* v. *Stewart,* 192 N. Y. 578; writ of error denied, 218 U. S. 666; *Shipman* v. *Treadwell,* 208 N. Y. 404, 410.) (Cf. *Howarth* v. *Angle,* 162 N. Y. 179.) "

It might be well to note, in passing, that, in all the cases cited in the above excerpts, the actions were founded either upon judgments or orders of courts of sister States. In *Selig* v. *Hamilton* (234 U. S. 652) Mr. Justice HUGHES, in delivering the opinion of the court, stated (at p. 662): " It follows that if the court, thus having jurisdiction and acting upon the evidence before it in the statutory proceeding, assessed former stockholders for the purpose of providing for debts incurred while they held their stock, its determination with respect to the amount of the assessment and the necessity therefor must be deemed conclusive. These questions cannot be reopened in another court when the receiver sues to collect the amount of the assessment. The stockholder in such a suit is free to urge his personal defenses but this does not mean that he may resist the receiver's demand upon the ground that the assessment was not needed. The marshalling of the amounts recovered from stockholders is also the appropriate subject for the consideration of the court which under the statute collects and distributes the fund. It is quite obvious that another court, in an action by the receiver against the stockholder, could not undertake to fix the amount required to pay the debts for which the

stockholder is liable unless it virtually assumed the duty imposed by the statute of determining what a ratable assessment should be and thus denied due credit to the determination already made in a court of competent jurisdiction."

Let us now examine the statute. Section 218 (c), subsection (3), of the Consolidated Statutes of North Carolina clearly provides, as already mentioned, that when the Commissioner of Banks shall take possession of any bank he shall " file with the Clerk of the Superior Court in the county where said bank is located, a notice of his action which shall state the reason therefor; and such notice shall be deemed the equivalent of a summons and complaint against said bank in an action in the Superior Court." Again, subsection (13), as we have noted, provides: " the commissioner of banks may levy an assessment equal to the stock liability of each stockholder in the bank, and shall file a copy of such levy in the office of the clerk of the Superior Court, which shall be recorded and indexed as judgments, and shall have the force and effect of a judgment of the Superior Courts of this State; and the same shall become due and payable immediately, and if not paid execution may at the instance of the commissioner of banks, issue against the stockholder delinquent, and actions on said assessment may be instituted against any non-resident stockholders in the same manner as other actions against non-residents of the State."

We must bear in mind that the Supreme Court of North Carolina has construed this statute, upheld its constitutionality, and ruled that the assessment became a judgment as soon as docketed (*Corporation Commission* v. *Murphey, supra*), and its ruling was upheld by the Supreme Court of the United States.

How can this court, in the face of these decisions, hold that there is not a valid outstanding judgment against these defendants? The respondents attempt to answer this question by asserting that under the terms of the statute the Commissioner is only authorized to bring actions on " assessments " as distinguished from " judgments " against " non-residents of the state." The proposed distinction is idle. The other clauses of the subdivision empower the Commissioner to " levy an assessment equal to the stock liability of each stockholder in the bank " irrespective of residence, and direct that he " shall file a copy of such levy in the office of the clerk of the Superior Court, which *shall be recorded and indexed as judgments, and shall have the force and effect of a judgment* of the Superior Courts." Thus, this action must necessarily be upon the assessment as filed. recorded and indexed, or, in other words, upon the judgment.

It is next contended by respondents that a 100 per cent levy, which the Commissioner must make, is not an equal and ratable levy within the meaning of section 219 (a) of the Consolidated Statutes of North Carolina, above quoted. This is not a novel argument. The answer to it may be found in *Kennedy* v. *Gibson* (8 Wall. [75 U. S.] 498), wherein it was said: " It would be attended with injurious consequences to forbid action against the stockholders until the precise amount necessary to be collected shall be formally ascertained. * * * A speedy adjustment is necessary to the efficiency and utility of the law; the interests of the creditors require it, and it was the obvious policy and purpose of Congress to give it. If too much be collected, it is provided by the statute, that any surplus which may remain after satisfying all demands against the association, shall be paid over to the stockholders. It is better they should pay more than may prove to be needed than that the evils of delay should be encountered." (See, also, *Casey* v. *Galli*, 94 U. S. 673.)

Finally, upon the trial, as well as upon this appeal, defendants have sought to inject into the case a proposed plan of reorganization filed with the Commissioner under the provisions of section 217 (m) of the Consolidated Statutes of North Carolina as the basis for their contention that the assessment was not levied in a liquidation proceeding under section 218 (c). This phase of the case we deem adequately disposed of in *Independence Trust Co.* v. *Kesler* (206 N. C. 12; 173 S. E. 53), the record of which was received in evidence and is contained in the present case on appeal.

We have reached the conclusion, therefore, that defendants are bound by the North Carolina judgment to the extent herein indicated, and since they rested without proving any personal defenses, the judgment of the trial court should be reversed, with costs, and judgment granted for plaintiff for the relief demanded in the complaint, with costs.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.