H. F. IBACH and Others, as the Banking Commission of Wisconsin in Charge of the Liquidation of the Security Bank of Milwaukee, Plaintiffs, *v.* BARBARA BAUER, Defendant.

Supreme Court, Erie County, July 1, 1935.

*Adrian Block,* for the plaintiffs.

*Robert J. Whissel,* for the defendant.

SWIFT, J. This is a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The action is brought by the plaintiffs as the Banking Commission of Wisconsin to recover an assessment upon bank shares held by the deceased husband of the defendant.

The defendant's husband died in 1931 leaving a will made some time prior to his marriage with defendant in 1926. At the time of his death he was the owner of and had registered in his name the bank stock in question, and that stock still remains registered in his name. As the defendant was not mentioned in her husband's said will, which left all his property to a nephew, she received such part of his estate as she would have been entitled to had he died intestate.

In 1932 the Wisconsin bank in which defendant's husband owned stock was taken over by the banking authorities of that State. The plaintiffs had a cause of action against the executor of the estate of defendant's husband. (*Broderick* v. *Rosner,* 294 U. S. 629; 79 L. Ed. 619; *Hood* v. *Guaranty Trust Company,* 243 App. Div. 470.)

The plaintiffs brought no action against the said executor, but bring this action against the surviving wife under section 170 of the Decedent Estate Law. The defendant contends that the debt of the decedent to recover which this action was brought is not such a debt as is contemplated by that section. The cases already cited hold to the contrary. (See, also, *Richards* v. *Gill,* 138 App. Div. 75.)

The defendant also maintains that if the plaintiffs have a cause of action under section 170 of the Decedent Estate Law, the sole legatee under the will of her deceased husband should be made a party defendant to the action. The plaintiffs contend that while

they should like to make that legatee a party defendant, and admit that in justice he should be such a party, nevertheless they are precluded from so doing by section 174 of that law.

It seems to me that both parties have misinterpreted article 7 of that law. The provisions of the article were taken from the Code of Civil Procedure, and their purpose was to make those who shared in an estate bear their *pro rata* share of decedent's debts. A reading of section 173 of the law makes it plain that if plaintiffs succeed in this action they can only recover a small portion of their debt against the executor of the last will of defendant's husband. The same section, however, provides " where an action is brought against the surviving husband or wife only," which shows that plaintiffs may maintain this action against the defendant alone if they insist upon so doing.

Section 174 of the law states that if the action is brought against a legatee the plaintiff must show that no assets were delivered by the executor to the surviving husband or wife or next of kin, and inasmuch as in this case such assets were delivered to the surviving wife, plaintiffs conclude that they have no cause of action against the legatee. This claim, if well founded, would destroy the very purpose of the statute, and is inconsistent with sections 171 and 172 of the law, which provide for a joint recovery where the surviving husband or wife and the legatees have received assets from the executor. Section 174 does not apply where an action is brought against both the surviving husband or wife and the legatees, but only in an action against a legatee or the legatees alone. (*Duck* v. *McGrath*, 160 App. Div. 482.)

It follows, therefore, that plaintiffs have a cause of action against both the defendant and the sole legatee under her husband's will, and that the amount for which each of these two would be liable in case the plaintiffs should recover in such an action would depend upon that proportion of the estate which each received. The fact, however, that plaintiffs have such a cause of action does not entitle defendant to claim a non-joinder of parties defendant in this action (Dec. Est. Law, § 173.)

The motion is denied, without costs.