IN RE UNITED BANK AND TRUST COMPANY, JOHN S. MICHAUX, ADMINISTRATOR C. T. A., D. B. N., OF THE ESTATE OF J. T. CHILCUTT, DECEASED.

(Filed 26 February, 1936.)

**1. Banks and Banking H a—**

The failure of a bank trustee to sell for reinvestment shares of the bank stock belonging to the trust estate does not relieve the estate of the statutory liability upon the insolvency of the bank, the fact of the trust and its terms not appearing from the books of the bank.

**2. Same—**

The liability of a bank trustee to the trust estate for its negligent failure to sell for reinvestment shares of stock of the bank belonging to the trust estate cannot be set up as a counterclaim or set-off against the statutory liability of the estate upon the insolvency of the bank.

CLARKSON, J., dissenting.

APPEAL by John S. Michaux, administrator, from *Alley, J.,* at October Term, 1934, of GUILFORD. Affirmed.

Upon the failure of United Bank and Trust Company, the Commissioner of Banks levied an assessment for the stock liability on fifty-two shares of stock, against the estate of J. T. Chilcutt. In apt time John S. Michaux, administrator *c. t. a., d. b. n.,* gave notice of appeal to the Superior Court, and in that court filed the following answer and defense to said assessment:

"1. That J. T. Chilcutt died in Guilford County, on or about 5 November, 1930; that he left a last will and testament, which was duly probated in the office of the clerk of the court of said county, and naming therein Greensboro Bank and Trust Company as executor. That a copy of said will is hereto attached, marked 'Exhibit A,' and the same is asked to be taken as a part of this paragraph as fully as if herein set forth in detail.

"2. That on or about .......... ....................., 1932, Gurney P. Hood, liquidating agent of United Bank and Trust Company, filed a petition requesting that it be relieved of the duties and responsibilities.as executor and trustee under the will of J. T. Chilcutt, whereupon the court entered an order relieving said United Bank and Trust Company as executor and trustee, and appointed in its stead the present defendant, John S. Michaux, administrator *c. t. a., d. b. n.,* of J. T. Chilcutt, deceased.

"3. That subsequent to the execution of said will the Greensboro Bank and Trust Company changed its corporate name and became United Bank and Trust Company, and said United Bank and Trust Company qualified as executor on ... ...........    ..... , 1930.

"4. That on or about 29 December, 1931, United Bank and Trust Company became insolvent and closed its doors on said date, and the plaintiff Gurney P. Hood, Commissioner of Banks, acting under and by virtue of his authority as Commissioner of Banks, took over the affairs of said United Bank and Trust Company as liquidating agent.

"5. That at the time of the death of J. T. Chilcutt, he owned and possessed as a part of his estate fifty-two shares of stock in United Bank and Trust Company. That said stock was taken by the executor under the will, and has since been in the possession of said executor.

"6. That under and by virtue of the terms of the will, a copy of which is attached, marked 'Exhibit A,' said United Bank and Trust Company assumed the duty and responsibility to administer said estate in accordance with the terms of the will; that among other duties it was the duty of said executor and trustee to convert said stock into cash with which to provide the trust funds herein specified; that under and by virtue of the terms of the will it was the reasonable duty of the executor and trustee to sell said fifty-two shares of stock or convert same into cash as aforesaid, and thereby avoid further liability to the estate on account of the holding of said stock.

"7. That if said executor or trustee had any authority to retain said stock as an investment for the purpose of carrying out any of the terms of the will, then it was its duty to have said stock transferred upon the books of the corporation to itself as trustee, or to some other person as trustee; that for thirteen months or more after the death of J. T. Chil-

cutt, United Bank and Trust Company, as executor and trustee, failed, refused, and neglected to take any steps whatsoever to convert said stock into cash or to reinvest or to transfer the stock on the books of the corporation, and as a result of such negligence and such failure the present defendant is called upon to respond for the liability.

"8. That the said fifty-two shares of stock at the time of the death of J. T. Chilcutt were reasonably worth $5,200, and said stock retained said value for a reasonable time thereafter, during which time the said executor and trustee could, by the exercise of due care and prudence, have converted same into cash or otherwise disposed of same.

"9. That if the court should be of the opinion that any liability exists against this defendant by reason of the ownership of said fifty-two shares of stock of J. T. Chilcutt, then such liability results directly from the negligence and carelessness of said bank as herein set forth, and said negligence and carelessness and the resulting liability is hereby pleaded as a bar and offset or a counterclaim or defense against any claim or assessment asked for in said notice.

"10. That any claim, judgment, or assessment which may be entered against this defendant under and by virtue of section 218 (c) of the Consolidated Statutes is hereby appealed from to the Superior Court in term, as provided in said section and notice of such appeal is hereby given.

"Wherefore, this defendant prays that nothing be assessed against him and that no amount be adjudged to be due on account of the stock ownership by J. T. Chilcutt; that he receive such other and further relief as he may be entitled to under the law and according to the facts."

The plaintiff's demurrer *ore tenus* was sustained by the court below, and from the judgment dismissing the appeal John S. Michaux, administrator, appealed to this Court.

*P. W. Glidewell and Allen H. Gwyn for appellant.*
*M. F. Douglas and Smith, Wharton & Hudgins for appellee.*

Devin, J. The judgment is affirmed on authority of *Hood, Comr., v. North Carolina Bank and Trust Company and Margaret E. Brand, ante,* 367.

The statute (C. S., 219 [c]), provides that the estate and funds in the hands of executors, administrators, guardians, and trustees shall be subject to the liability of stockholders prescribed by C. S., 219 (a).

Nor can the alleged negligence of the bank be set up as a counterclaim or set-off against the stockholders' liability. *In re Trust Co.,* 197 N. C., 613.

Affirmed.

CLARKSON, J., dissenting: It appears in the record that Gurney P. Hood, Commissioner of Banks, "demurred *ore tenus* to the defense on the ground that said answer and appeal failed to state sufficient facts to constitute a valid defense to the assessment." I cannot agree.

The record imports verity. On it we find that J. T. Chilcutt had 52 shares of stock, of the value of $5,200, in the Greensboro Bank and Trust Company. The corporate name was changed to United Bank and Trust Company. Item 10 of his will was mandatory that this stock "shall be by my executor converted into cash," and, as trustee, "to be by it loaned or invested at its discretion and the net income paid annually or oftener to the Methodist Protestant Children's Home, located near High Point, N. C." The answer, for the purpose of this demurrer *ore tenus,* is taken to be true. It is alleged: "That for thirteen months or more after the death of J. T. Chilcutt, the United Bank and Trust Company, as executor and trustee, failed, refused, and neglected to take any steps whatsoever to convert said stock into cash, or to reinvest or to transfer the stock on the books of the corporation, and as a result of such negligence and such failure, the present defendant is called upon to respond for the liability."

The bank, as executor, delayed in its positive and directed duty, under the will, for some 13 months. The executor knew, or in the exercise of due care should have known, that the bank was gradually sinking into insolvency, but by its negligent delay allowed the stock, valued at $5,200, to become perhaps worthless. Now, through the Commissioner of Banks, it levies an assessment of $5,200. The bank was acting in a dual capacity and had a positive duty to perform. I think by its negligence the Commissioner of Banks, who took it *cum onere,* cannot now levy the assessment. See dissenting opinion in *Gurney P. Hood, Commissioner of Banks, v. N. C. Bank and Trust Co. and Margaret E. Brand, ante,* 367.