**MYERS v STATE EX SQUIRE**

Ohio Appeal, 8th Dist, Cuyahoga Co

Decided Jan 31, 1938

569

Horwitz, Kiefer & Harmel, Cleveland, for plaintiff-appellee.

Herbert S. Duffy, Attorney General, Columbus, and E. S. Lindemann, special council, Cleveland, for defendant-appellant.

## OPINION

By LIEGHLEY, PJ.

Plaintiff brought an action to recover a judgment in the sum of $27,080.30 against defendant on a claim that defendant illegally withheld from her as administratrix a liquidating dividend of ten percent declared and paid to other depositors. The trial below resulted in a judgment in full in her favor. Appeal was perfected to this court by defendant on questions of law and fact.

P. A. Myers died August 5, 1932, the owner and registered holder of 1,800 shares of the capital stock of The Union Trust Company and with moneys on deposit therein in excess of $127,000. These funds were eventually transferred to the account of the executors of the estate of P. A. Myers, deceased, which account in said bank with deposits and withdrawals in the interim, amounted to $270,803.04 on the 27th of February, 1933.

February 27, 1933, The Union Trust Company failed to meet its obligations.

On June 15, 1933, the superintendent of banks took over The Union Trust Company for liquidation which is uncompleted.

On July 10, 1933, the superintendent of banks declared and paid to depositors a liquidating dividend of thirty-five percent (35%) and the executors of decedent received and were paid their dividend amounting to $94,781.07.

On March 19, 1934, plaintiff was appointed administratrix de bonis non with will annexed, of the estate of P. A. Myers, deceased. Subsequently, a certificate of claim was duly issued to plaintiff as administratrix "subject to stockholder's liability."

On July 30, 1934, the superintendent of banks assessed at one hundred percent (100%) the super-added liability of all stockholders of said trust company, including the 1,800 shares recorded in the name of P. A. Myers, and on August 1, 1934, notice of such assessment was mailed to each stockholder including the personal representative of decedent, the plaintiff herein.

On November 6, 1934, the superintendent of banks presented to the plaintiff a sworn proof of claim in the amount of $45,000, being the amount of said assessment on said 1,800 shares which said claim was rejected by plaintiff on December 4, 1934.

On December 15, 1934, the superintendent of banks filed suit against the plaintiff herein for the full amount of said assessment of $45,000, plus interest. Thereafter said suit came on for trial and resulted in a judgment for defendant upon the principal ground that the cause of action was barred by the provisions of §10509-144 GC, (since repealed), as the assessment was made July 30th and the claim was not presented within the sixty (60) day limitation. Said action was appealed and the judgment affirmed.

November 17, 1934, liquidating dividend No. 2 in the amount of ten percent (10%) was declared and thereafter paid to all depositors of The Union Trust Company but withheld from plaintiff in said sum of $27,080.30.

March 18, 1937, plaintiff filed the instant case to recover the ten percent (10%) liquidating dividend. This case came to trial below and resulted in a judgment in favor of plaintiff for the full amount. From the opinion of the trial judge it would appear that it was the holding that in view of the fact that the former case held and decided that the claim of the superintendent of banks was barred by the limitations fixed by statute, §10509-144 GC, by his failure to bring the action within the required period of time and that by reason thereof the superintendent of banks in the instant case does not have a valid legal claim of set off and is estopped from asserting the same; that being barred no right of set-off by virtue of §11321 GC, or in equity is available to defendant.

The superintendent presented three different contentions and reasons why this judgment is erroneous, and should have been in favor of defendant.

1. It is claimed that he had a right to withhold the said dividend and apply the same to the discharge of said super-added liability under express authority of §710-98 GC, and that it was his mandatory duty so to do.

2. That the liquidating dividend declared in favor of the plaintiff in her representative capacity and the obligation of plaintiff in her representative capacity to pay the super-added liability assessments were compensated to the extent that they equalled each other by virtue of §11321 GC, which relates to and authorizes compensation of cross demands.

3. That ignoring the authority granted under §710-98 GC, and the remedy afforded by §11321 GC, nevertheless a court of equity should, for the benefit of all interested in the trust funds in the hands of the superintendent, invoke the doctrine of equitable set-off and authorize and confirm the application of this liquidating dividend to the payment of the super-added liability assessment made and unpaid.

Plaintiff contends that the judgment of the court below is correct for the following reasons:

1 Since the defendant's claim is barred by the statute of limitations it cannot be set off for any reason upon any ground.

2. Defendant's claim is res judicata for all purposes.

3. Defendant's claim of right of set-off is defective because it lacks mutuality.

4. The provisions of §710-98 GC and §11321 GC do not apply to this case.

At the outset, an oft-repeated statement should be kept in mind. The state has preempted the field and business of banking and lodged full and exclusive control of and over the regulation and liquidation of banks in the superintendent of banks under the provisions of the banking act. His authority is derived from and limited by the act. So long as his activities and operations conform and comply with its provisions and he does not attempt to exercise authority not conferred, other statutes are subordinate and do not control.

However, whenever in the process of liquidation he seeks to utilize a remedy afforded by other statutes he then agrees to adopt and must meet the conditions and limitations thereof, the same as any other litigant. State ex rel Fulton v Bremer, 130 Oh St 227, 4 O.O., 242; State ex rel Fulton v Coburn, 133 Oh St 192, 10 O.O., 249.

When plaintiff qualified as administratrix in March, 1934, by operation of law she became the owner of the money of the estate on deposit in the bank. At the very same moment she in like manner became the owner of 1,800 shares of the capital stock of the bank then recorded in the name of decedent, charged with potential assessment liability. She was none the less the owner of both in her representative capacity, whether formally transferred or not. And this condition continued to November 6th, 1934, when the defendant sought to validate a claim against all the assets of the estate of P. A. Myers, deceased, by presenting a sworn proof of claim to plaintiff for the full assessment. As above stated, this claim was denied at the conclusion of litigation instituted to establish the same principally upon the ground that the claim was filed too late. This judgment is binding in this action and bars any claim against the estate.

When the superintendent filed this claim in November, 1934, there were moneys of the estate on deposit in the bank in the sum of $270,000 plus, less a thirty-five percent (35%) liquidating dividend declared and theretofore paid to the personal representatives of deceased in July, 1933. If it be said that this $270,000, includes moneys realized and deposited from other assets of the estate, the answer to this claim is complete and found in the fact that when Myers died he had on deposit $127,000 which sum remained on deposit at all times with which we are concerned, upon which sums the dividends declared exceed the assess-

ment. The full assessment of super-added liability on the 1,800 shares amounted to only $45,000. The defendant was then clothed with the plenary power conferred by §710-98 GC, the pertinent part of which reads as follows:

"Dividends due to stockholders on claims as depositors or otherwise, to the extent of the individual liability of such stockholders, shall be withheld by the superintendent of banks until it is acertained that it will not be necessary to enforce their individual stock liability."

The exercise of the powers granted by this section has no relation to any remedy provided by sections outside of the banking· act. It should be examined with reference to the other sections of this act only It constitutes one of the group of sections of this act designed to regulate and exclusively control the liquidating of banks. This section supplies a complete remedy for the collection of this assessment without regard to any remedy otherwise provided and barred.

Under these facts and the authority of this statute, the writer has indulged in much speculation in attempting to guess just what advantage the defendant expected to gain by presenting this claim and how his position would be bettered if it had been established,—as the claim may be compensated only once.

It is urged that the above quoted language from the statute has no application in this case as the claim was finally barred and the plaintiff is not a stockholder. The contention that the plaintiff is not a stockholder for the purposes of this case and the payment of double liability must be dismissed as untenable. If plaintiff is not the owner of the 1,800 shares and a stockholder to that extent, then who owns these shares presents an unusual and unique problem. The title and ownership of both the deposit and stock having passed to plaintiff by operation of law at the same moment, it is difficult to understand how plaintiff may expect to reap the benefits of one and escape the obligations of the other.

The contention of plaintiff that the defense of right of set-off urged by defendant is unavailable for the reason that his claim against the estate is barred by the former action and by the statute and that there is a lack of mutuality seems well grounded when the defendant resorts to statutes other than the sections of the banking act.

But does the decision in the former action in which the remedy of the provisions of the Probate Code were invoked to establish his claim against the entire assets of the estate, operate to annul the remedy and the power conferred by §710-98 GC to compensate the assessment liability with the liquidating dividend declared upon the deposit?

All assets and liabilities of every kind and description were taken over by the superintendent for liquidation. All these constitute one large trust fund to be administereed equally and equitably including the moneys on deposit and the stock liability of the deceased and his personal representative.

It was found to be necessary to assess all stock the full super-added liability to meet the obligations of the bank. When made, the plaintiff owned 1,800 shares of stock and owned a deposit of $270,000 plus, less a thirty-five percent (35%) dividend paid. Under such circumstances, when the assessment was made and the ten percent (10%) liquidating dividend thereafter declared, the statute commands that the dividend to a stockholder shall be withheld until it is ascertained that it will not be necessary to enforce his individual liability. In this case it was ascertained to be necessary before this ten per cent (10%) dividend was declared and it was his duty to withhold it and credit the stock liability therewith. The defendant might very well have withheld the initial thirty-five (35%) percent dividend under authority of this statute. This statute refers to liquidating dividend on deposits or like credits only, of course, as there could be none other after insolvency.

When the defendant invokes and exercises the powers conferred by §710-98 GC, he is not asserting a claim against plaintiff or the estate by applying the liquidating dividend to the discharge of the duly authorized assessment of super-added liability. The plaintiff has no claim to this dividend in behalf of the estate. The only interest the estate has in the funds on deposit in the bank is the excess in dividends remaining after the assessment has been compensated thereby. After the accounts have been balanced, the remainder, if any, is an asset of the estate. It is only when the funds on deposit are in such amount that the probable dividends will be insufficient to compensate the assesment that any need arises for the superintendent to file a claim to reach the assets of the estate, in which event he must meet

the statutory requirement covering such procedure. The former lawsuit barred defendant from reaching other assets of the estate, but did not bar the aforesaid application of dividends.

It is our conclusion that §710-98 GC furnishes full and complete authority to the defendant for withholding and  applying the ten percent (10%) dividend. While the judgment in the former action constitutes a bar to asserting any claim against the estate, it does not nullify the command to compensate the accounts between plaintiff and defendant in the trust in his hands. Barring his right to claim against the estate is quite a different matter from applying funds in his hands to the discharge of an obligation of the owner of the funds. The banking act is exclusive and controlling. So long as defendant operates within its provisions and powers, no other statute may be claimed to modify or limit his powers. Nor does he need to invoke §11321 GC to authorize this application of dividends.

It is our conclusion that the foregoing disposes of the matter before us. However, if it does not, the facts and circumstances of this case are such that they call for the application of the doctrine of equitable set-off more loudly than usually exists in some cases wherein the doctrine is applied to the end that all interested in this trust may share equally and equitably their deserved benefits and all equally and equitably bear their proper burdens. King v Armstrong, 50 Oh St 222; Andrews v State, 124 Oh St 348; Reichert v Farmmers & Workingmen's Savings Bank, 257 Michigan 500; Carolina Bank & Trust Co., 197 N. C. 613.

Decree for defendant.
LEVINE, PJ, and TERRELL, J, concur.